DELIA SWANTON, as Administratrix, etc., of ROBERT SWANTON, JUNIOR, Deceased, Appellant, *v.* J. BERRE KING and GEORGE R. KING, Copartners Doing Business under the Firm Name of J. B. KING & COMPANY, Respondents.

*Verdict for $600 not set aside as inadequate.*

Where, upon the trial of an action brought to recover damages resulting from the death of the plaintiff's intestate, the only facts established from which the jury could estimate the damages were that the intestate was an unmarried man, twenty-two years of age, who had been working steadily for twelve months, receiving wages at the rate of nine dollars a week, which he gave to his mother, and that his next of kin were his mother, his father, a sister and four brothers, a verdict of $600 will not be set aside on the ground that it is inadequate.

APPEAL by the plaintiff, Delia Swanton, as administratrix, etc., of Robert Swanton, Junior, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Richmond on the 10th day of March, 1902, upon the verdict of a jury, and also from an order entered in said clerk's office on the 10th day of March, 1902, denying the plaintiff's motion for a new trial made upon the minutes.

*Warren C. Van Slyke* [*George M. Pinney, Jr.*, with him on the brief], for the appellant.

*Sidney F. Rawson* and *Richard L. Stafford*, for the respondents.

JENKS, J.:

The jury found the damages to be $600. We are asked to send this case to another jury because the damages are inadequate. Courts rarely interfere with the verdicts of juries in such cases. (*Johnson* v. *Long Island R. R. Co.*, 80 Hun, 306; affd., 144 N. Y. 719.) The appellant cannot invoke any well-defined rule, but must depend mainly upon the circumstances of this particular case. If we are convinced that a verdict is irreconcilable with justice or with common sense, or was reached in palpable disregard of the elements of damage which the jury was bound to consider, then it is our right to order a submission of the issue to another jury. (*Simonsen* v. *Brooklyn Heights R. R. Co.*, 53 App. Div. 478, and cases cited.) But our power should only be exercised to overturn a result which cannot be reconciled with a play of fair judgment in consideration of the elements of damage fairly presented by the facts proven and unchallenged. The very amount of a verdict may be so small as from its mere statement to shock "the moral sense." (*Morris* v. *Metropolitan Street R. Co.*, 51 App. Div. 512, and cases cited.) Were we to superimpose our judgment upon that of a jury in a case that fails to show aught but that the result reached by the jury was quite different from that which we would have attained, then we should invade its province to usurp its functions.

It is frequently said that the question of damages in this kind of case requires speculation and conjecture. But this is a necessity and not a virtue. The court deprecates this necessity and admits it in order to give substance and meaning to the statute. But the speculation and conjecture is by way of forecast of the future, and when the suitor does not afford such facts as are available to form a basis for the forecast, the jury cannot be criticized for refusing to indulge in surmise. In *Houghkirk* v. *President, etc., D. & H. C. Co.* (92 N. Y. 219), FINCH, J., says: "The damages to the next of kin in that respect are necessarily indefinite, prospective and contingent. They cannot be proved with even an approach to accuracy, and yet they are to be estimated and awarded, for the statute has so commanded. But even in such case, there is, and there must be, some basis in the proof for the estimate, and that was given here and always has been given. Human lives are not all of the same value to the survivors. The age and sex, the gen-

eral health and intelligence of the person killed, the situation and condition of the survivors and their relation to the deceased; these elements furnish some basis for judgment. That it is slender and inadequate is true (*Tilley* v. *Hudson Riv. R. R. Co.*, *supra**); but it is all that is possible, and while that should be given (*McIntyre* v. *N. Y. Cent. R. R. Co.*, 37 N. Y. 289) more cannot be required."

The intestate was twenty-two years of age. He had worked steadily for twelve months for the wages of nine dollars a week, which he brought to his mother. He died leaving neither widow nor child, and his next of kin were his mother, his father, a sister and four brothers. The record is bare of any other facts descriptive of his personality or of the age, circumstances or conditions of any of his next of kin. While the jury were in duty bound to consider the probability of the intestate's living, of his having sufficient ability to support parents or parent when in poverty, or in old age, or if incapable of self-support, the amount which the intestate while living might have brought to his next of kin and which he dying might leave to them (*Keenan* v. *B. C. R. R. Co.*, 145 N. Y. 348), yet it was not required, indeed it was not permitted to range in the unknown without the limits of almost any facts whatever. The case presents no evidence of the physique or of the general health of the young man. Nothing is told of his education, manual training, capacity, mentality or industry, from which reasonable men could infer whether or not he would better his condition with the years. Though it appeared that, living with his father and with his mother, he brought his wages to his mother, it was not shown whether he paid any part thereof for his keep or whether any part was returned to him for his clothing or for his personal use. A parent would have no legal claim upon him unless the parent became needy and incapable of self-support and the son cotemporaneously had means to sustain the parent. (*Keenan* v. *B. C. R. R. Co.*, *supra*.) There is no evidence upon which a jury could speculate upon the contingency of such indigence or of such inability, or, except his present wage-earning power, his relative ability if such contingency should come to pass. Moreover, when the mother testifies that she lived in a house bought by her parents,

---

*29 N. Y. 252.— [REP.

this is some evidence to negative the probability of the parent's future need.

The verdict is small. If it had been considerably larger, even though based upon the meagre proof in the case, we probably would not have disturbed it in view of the difficulty of estimating the value of a life in dollars and cents, and of the rule that the judgment of a jury in such a case is rarely disturbed. But, small as it is, we cannot say that upon the bare fact that the young unmarried man was twenty-two years old, and while living with his father and mother brought home nine dollars a week, the measure of money compensation was so unjust and so illogical as to shock "the moral sense." The learned counsel for the appellant cites many cases in which verdicts were set aside or judgments were reversed for inadequacy, and others in which judgments in much larger amounts were affirmed. Such comparison cannot deduce a rule followed in those cases and departed from in this case. CULLEN, J., in *Johnson* v. *Long Island R. R. Co.* (*supra*), pertinently says : " Reference to the amount of recovery in other cases is, therefore, made, not as establishing a rule of law controlling our action, but as evidencing the common judgment or opinion of courts on this subject." Several of the cases cited are those of recovery for the deaths of infants, presenting elements of damage other than any shown in the case at bar, and in many others there were facts established of the character suggested in *Houghkirk* v. *President, etc., D. & H. C. Co.* (*supra*), which warranted the measure of damage meted out.

I think that the learned trial justice (MAREAN, J.) did not err in his disposition of the motion made on the ground that the damages were inadequate, and that the judgment and order should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.