## Bender v. Louisville Railway Co.

(Decided June 8, 1911.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Third Division).

1. Street Railways—Action Against—Injury to Pedestrian by Throwing Bundle of Papers by Employe—Evidence—In an action by appellant who in crossing a street was struck and injured by a bundle of papers thrown by one of appellee's employes, it appearing that the employes had not been instructed to carry the papers, but that they carried without compensation, except one or more papers which they received for doing it, it was incompetent for these witnesses to testify that they had not been instructed to carry the papers, but as the jury found against the company, the introduction of this testimony was not prejudicial.

2. Special Damages—Instructions—If the plaintiff had desired an instruction on the subject of special damages, she should have asked for it, and, having failed to ask for it, can not now complain because it was not embodied in the instruction given.

MORTON K. YONTS and ROBERT A. CHRESTE, for appellant.

FAIRLEIGH, STRAUS & FAIRLEIGH, and HOWARD B. LEE, for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

While walking along the street near her home in the City of Louisville, Mrs. Mary Bender was struck in the stomach by a bundle of papers thrown from a car of the defendant railway company by one of its employes. Alleging that the blow seriously and permanently injured her she sued to recover damages because thereof, on the theory that the employe of the company was negligent in so throwing the papers from the car as to strike her. The company denied liability, and upon a trial before a jury plaintiff recovered a verdict for $500. Conceiving that the amount is grossly inadequate and that the court erred in the admission of evidence and in instructing the jury, she seeks a reversal of the judgment predicated upon that verdict.

The evidence complained of as incompetent and prejudicial was that of the motorman and conductor to the effect that they had not been instructed by the company to carry and deliver the bundle of papers which was thrown from the car and which was alleged to have struck

plaintiff. It is shown that these employes had been carrying these bundles of papers in this way for distribution among the carriers, and that they received as compensation therefor one or more free papers. This arrangement had been in effect for some time and had been carried on with the acquiescence if not consent or direction of appellee. Under this showing it was incompetent for these witnesses to testify that they had not been instructed to carry the papers. Still, this testimony was introduced for the sole purpose of showing that the defendant, through its agents, was not guilty of negligence. It could have served no other possible purpose, and inasmuch as the jury found against the company the introduction of this evidence was not prejudicial. The only two questions for consideration before the jury were, first, that of the negligence of the company, and second, the extent of plaintiff's injury. This evidence was apparently disregarded by the jury, for they found against the company. Sec. 134 of the Code provides that a judgment should not be reversed except for substantial error, and in conformity with this provision this court has frequently held that, unless the error was such as was calculated to prejudice the substantial rights of the litigant, the judgment should not be reversed. In Schmidt v. Kentucky River Mills, 142 Ky. 80, a reversal was refused, although instructions upon several points were erroneous. In refusing a reversal because of these erroneous instructions, the court said:

"It is insisted for the plaintiff that these instructions were erroneous, and should not have been given. We need not consider whether the instructions were proper or not. The jury found the defendant guilty of negligence. By their verdict they in effect found that none of the facts set out in the instructions complained of, existed."

In Netter's Admr. v. Louisville Ry. Co., 134 Ky., 685, a judgment was affirmed although the instructions were erroneous, the court holding that they were not prejudicial. The evidence complained of, although incompetent, was not prejudicial.

Appellant also complains that the instruction on the measure of damages was not proper because the jury was not by it authorized to award any sum for special damages. No special damages were pleaded. The petition alleges that the plaintiff was compelled to contract and

pay for doctor's services and medicines in the treatment of her injuries to the amount of blank dollars, and this allegation in the petition was traversed. The blank was never filled. Plaintiff introduced no evidence to show that she had sustained any special damages because of expenses incurred for medical treatment, medicines, etc., and the court properly, under this showing, refused to give an instruction authorizing special damages. On cross-examination the physician who had treated the plaintiff was asked if he did not have a claim for services, and he stated that, while his bill had not been made out, it would be from $700 to $1,000. This question was asked and permitted to be answered presumably for the purpose of showing his interest and bias in the case, but certainly not for proving a claim for special damages. Instructions must be based upon such pleadings as are supported by proof, and there being neither plea for special damages nor evidence supporting such, the court did not err in refusing to instruct upon this point.

Plaintiff would be in no position to complain of this fact even if an instruction had been authorized. No instruction was asked authorizing an award for special damages, and the instruction given on the measure of damages being correct as far as it went, under the rule repeatedly announced by this court, if the plaintiff had desired an instruction on the subject of special damages she should have asked for it, and, having failed to ask for it, may not now complain because it was not embodied in the instruction given.

Lastly, it is urged that the judgment should be reversed because the damages awarded do not equal the actual pecuniary loss sustained. In support of this contention the statement of the doctor that his bill, when made out, would be from $700 to $1,000, is relied upon. This statement can not be received as an element of damage and can not enter into a determination of the question of the pecuniary loss sustained by appellant. With this statement eliminated we are not prepared to say that the award of the jury was not full compensation for the injury which appellant sustained. True, she testifies that she suffered great and excruciating pain. Her family physician, who waited upon her for some ten or twelve days following the accident, found nothing serious the matter with her; and there is much in the testimony of the physician upon whom she most relies to have justified the jury in questioning his competency. At all

events, they had the appellant and all her witnesses before them, heard them testify, and were in a better position to judge of the nature and extent of her injuries than we. Upon a careful consideration of the record we are unwilling to disturb their finding.

Judgment affirmed.