## Chesapeake & Ohio Railway Company v. Kelley.

(Decided March 5, 1914.)

### Appeal from Floyd Circuit Court.

1.  Railroads—Action Against for Personal Injuries—Instructions—Measure of Damages—Evidence.—In an action against a railway company for damages for personal injuries, evidence examined and held that the injury was the result of inexcusable negligence on the part of the railway company and the verdict awarding $500.00 is not excessive.

2.  Instructions.—Where no objection was offered to an instruction at the time it was given, complaint of it upon appeal will not be considered.

HARKINS & HARKINS, WORTHINGTON, COCHRAN & BROWNING, and F. T. D. WALLACE for appellant.

MAY & MAY for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This is a suit for $2,000.00 damages for personal injuries, and appellee recovered $500.00. The Railway Company appeals. The appellee takes a cross appeal, complaining of an error in the court's instructions as to measure of damages, and inadequate verdict on that account. The Railway Company has not filed a brief, and our attention has not been called to any error to its prejudice, nor have we been able to discover one.

The evidence discloses that Kelley at the time of the injury was a lineman in the employ of a telephone company, and that this telephone company had an arrangement with the appellant whereby it might string its telephone wires on the telegraph poles which the appellant used on its right of way for the transmission of its messages. Appellant was laying a side track and in this way it became necessary to move and reset a number of the telegraph poles to make room for the new siding. It called upon the telephone company to send a man to assist in changing the location of these poles, and appellant was sent for that purpose, and reported to J. E. Martin, who was appellant's foreman and chief lineman in this work. By direction of Martin, appellee climbed to the top of the pole to tie on to it a new guy wire, the other end of which was attached to some fixed object. This pole was at a turning point or curve in the line, and to relieve it of the stress of this turn, it was necessary

to keep it firmly supported with a guy wire; and the plan of moving the pole was to secure it with a new guy wire before the old one was cut, and in this way the pole could be reset in the new hole close by with the least possible disturbance to telephone and telegraph service along the wires attached to it. Before Kelley could tie the new wire to the top of the pole, the foreman, Martin, without warning to Kelley, or suggestion or signal from him, cut the old guy wire and the pole at once fell because it was thus relieved of all support. Kelley fell with it.

His chief injury was the wrenching of his right shoulder, with sprained muscles and tendons and a permanent stiffness and deformity in the right arm. He was incapacitated from any work for three weeks and suffered great pain, and for several weeks after that could only do light work, such as supervising and directing other men in telephone line repairing. This was the last pole necessary to be moved and appellant's foreman was rushing the work in order that his crew might return home on a train which was due in about thirty minutes. Clearly appellee's injury was the result of inexcusable negligence upon the part of appellant and the $500.00 awarded him by the jury is by no means excessive. Appellee may more justly complain that it is inadequate, but the instructions of the court we think, fairly submitted the question to the jury as to the nature and extent of his injury, and we are not inclined to disturb their verdict.

As above stated, appellee complains of the court's instructions as to the measure of damages, but he made no objection to them. We, therefore, cannot consider his complaint.

The judgment is affirmed.