## Consolidated Coach Corporation v. Sphar.

(Decided October 26, 1928.)

## Appeal from Clark Circuit Court.

1. Automobiles.—Negligence of driver of motorbus, whose brakes apparently refused to work, but who continued operation with knowledge of their defective condition, held question for jury in action for loss of and injuries to cattle with which bus collided on highway; defendant not being excused as matter of law on ground of unavoidable accident.

2. Automobiles.—Driver of motor vehicle must exercise reasonable control and keep lookout ahead to avoid injury to cattle on highway, in view of Ky. Stats., sec. 2739g35; sec. 2739g44, relative to frightening of animals on highway, not being applicable to collision.

3. Automobiles.—Statutory precautions required of driver of motor vehicle are not exclusive, but are in addition to those required by common law.

4. Appeal and error.—Defendant, who desired more concrete instruction on question of contributory negligence, but failed to object to istruction given, was under duty to prepare a more specific instruction, and, having failed to do so, could not on appeal attack sufficiency of instruction given.

5. Damages.—Verdict for plaintiff for $500 for death of one of herd of cattle and practical destruction of another, worth $110 to $115 each, and for bruises and injuries to others, shoved off the highway in collision with motorbus, held not excessive under evidence.

KEENON & HUGUELET and JOUETT & METCALF for appellant

BENTEN & DAVIS for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant and defendant below, Consolidated Coach Corporation, operates a passenger automobile bus line between Mt. Sterling and Lexington, Ky. About the middle of the afternoon of May 14, 1927, one of its busses was going east on the pike between Lexington and Winchester, when it ran into a bunch of cattle containing 57 head owned by the appellee and plaintiff below, W. R. Sphar, and which he was driving east in moving them from one farm to another. The collision resulted in breaking a leg of one of the cattle and otherwise injuring and knocking down and dragging another for some distance along the highway, until it stopped the bus, and in bruising and injuring several of the other animals composing the herd.

Plaintiff filed this action against defendant in the Clark circuit court, seeking to recover damages for the injuries done to his cattle, and which he fixed in his substituted amended petition at the sum of $1,000, for which he prayed judgment, and likewise sought to recover $500, to which he claimed in his petition he was entitled as punitive damage, because of the alleged gross and willful recklessness on the part of the driver of defendant's bus. The latter item was abandoned during the trial, and the court did not submit it to the jury. Defendant's pleadings consisted of a denial and a plea of contributory negligence, the latter of which was put in issue by a reply, and upon trial the jury returned a verdict in favor of plaintiff for the sum of $500, upon which judgment was rendered and defendant's motion for a new trial having been overruled, it prosecutes this appeal.

The grounds relied on and urged for a reversal although more extensively subdivided in brief, when condensed, consist in (1) refusal of the court to sustain defendants's motion for a peremptory instruction in its favor; (2) erroneous instructions given to the jury by the court on its own motion, and its refusal to give offered instructions by defendant; and (3) admission of incompetent testimony offered by plaintiff.

Ground (1) is attempted to be sustained upon the theory that under the testimony the collision of defendant's bus with the cattle was what counsel denominates an "unavoidable accident," brought about, as contended, by the fact that the brakes on the bus suddenly and without previous knowledge on the part of defendant or any of its agents or servants, refused to operate, thereby rendering the driver unable to stop it or to check its speed. The negligence relied on was two-fold; i. e., that the driver ran the bus into the herd of cattle without exercising the requisite care, and that the defective condition of the brakes on the bus was known to its driver before the collision occurred, and the latter ground seems to be uncontradictedly proven by the testimony in the case, and was admitted at the trial by the driver of the bus. He and other witnesses testified that, after leaving Lexington for Winchester on the particular afternoon, the bus was hailed by persons seeking passage thereon, and that when he attempted to stop to take on those passengers he ran past them about 100 feet, and had great difficulty in stopping the bus because of the refusal of

the brakes to properly work, and which knowledge he received some considerable time before the happening of the involved collision. The bus, at the time of the collision, as we have said, was traveling east and going down grade on a fill, and at a point on the fill where the traveled way was about 22 feet wide. Witness testified that he was traveling about 35 miles per hour, and that he saw the cattle on the fill about 200 yards in front of him. He then said:

"As I saw these cattle I cut of my gas, which allowed the bus to slow down. As we continued it was on a down grade. I then started to put on my foot brakes, but discovered they would not hold. Then I applied my emergency and still the brakes would not hold. I then cut off the ignition and threw the gear, which was a four speed forward, from fourth to third, and then from third to second. I tried to go from second to first, but was unable to do so. In manipulating the car as I did I had succeeded in checking its speed considerably, but I saw that I would be unable to stop the car so as to prevent striking the cattle, which at this time were scattered all across the macadam."

Witness for plaintiff who were passengers on the bus gave similar testimony, and from which it clearly appears that the brakes and all of the facilities for checking the speed of the bus, if defendant's theory be correct, suddenly and without warning went on a strike and refused to function. Clearly it was a question for the jury under proper instructions to determine whether or not that was true, even if we should concede that, if true, it would constitute a defense, but which we do not determine, although the court by its instruction so informed the jury and stated that, if it so believed from the testimony, it would find for defendant. Defendant's contention under this ground amounts to nothing less than saying that, if all of the equipment of the bus designed to check its speed suddenly refused to operate, then the collision was an unavoidable accident, and further, that the quoted testimony from the driver should be accepted and treated as absolutely true, in the face of other facts and circumstances appearing in the record tending to contradict it. But, as we have indicated, plaintiff relied on previous knowledge of the driver of the defective con-

dition of the brakes, and there was uncontradicted testimony to establish that fact, and the court properly submitted to the jury that if it was true, and the driver continued to operate the bus with such defective brakes, and as a proximate result thereof the collision occurred, then a verdict in favor of plaintiff should be returned. Manifestly, no criticism could be made to that submission, the facts in support of which, as we have seen, were both pleaded by plaintiff and proven by the testimony. The court, therefore, did not err in overruling defendant's motion for a peremptory instruction.

2. In support of ground (2) only instruction 1 and 2 need be considered by us, since they are the only ones given by the court to which defendant objected; there being in all six given instructions. By instruction 1 the court told the jury, in substance, that it was the duty of the driver of the bus to have it under reasonable control and to keep a lookout ahead for persons, vehicles, and stock upon the highway, and to exercise ordinary care to prevent injury to any persons, vehicles, or cattle upon the highway, and that it was his duty after discovering the cattle to use "all reasonable precautions consistent with the safety of his motor bus and passengers" to avoid injury to the cattle, and that if the jury believed from the evidence that the driver failed in any such respects, and by reason thereof the collision occurred, a verdict should be returned in favor of plaintiff, Furthermore, the instruction also told the jury that if the driver had knowledge of the defective condition of the brakes and continued to operate the bus, so impaired, and as a proximate result thereof the collision occurred then the jury would so find for plaintiff.

The chief criticism of that instruction consists in the argument that sections 2739g35 and 2739g44 measure the entire precautions that the driver of a motor vehicle on a highway shall observe, and that it was error for the court to tell the jury that the driver of defendant's bus in this case was required to have it under reasonable control, or to keep a lookout ahead for persons, etc., on the highway. The first section referred to reads:

"The operator of any vehicle when upon a public highway shall operate such vehicle in a careful manner, with due regard for the safety and convenience of pedestrians and all other vehicles or traffic upon such highway, and shall travel upon the right

side of such highway whenever possible, and unless the left side of such highway is clear of all other traffic or obstructions and presents a clear vision for a distance of at least 150 feet ahead.''

The second section referred to deals only with the precautions, to be exercised by the driver of a motor vehicle to prevent the *frightening* of any animal "being ridden or driven" on the highway. It does not purport to prescribe any duties of the driver to prevent *collisions* with animals on the highway, whether ridden or driven, and our task should therefore be confined to the argument made with reference to section 2739g35.

In the first place, the complained-of instruction makes no departure from the requirements of that section. It prescribes that the driver of the motor vehicle shall operate the vehicle in a *careful manner,* and with due regard for the safety and convenience of persons, vehicles, or traffic (and which is broad enough to include cattle) that may be lawfully upon the highway. It leaves for determination, according to settled legal principles, what shall constitute "a careful manner" for the operation of the vehicle. The latter part of the section would seem to imply that the driver should keep a lookout ahead, since by its terms he is not permitted to travel on the left side of the highway unless it is clear "for a distance of at least 150 feet." The driver could not ascertain that fact without looking ahead for that purpose. But, be that as it may, we held in the case of Barnes v. Eastin, 190 Ky. 392, 227 S. W. 578, that the prescribed statutory precautions in such cases were not exclusive, but were cumulative to those required by the common law, and an instruction, in substance, the same as the one here complained of was approved in that case. Instruction No. 2 complained of under this ground and to which we have already referred, submitted to the jury in appropriate language defendant's "unavoidable accident" theory and gave it all of, if not more than the benefit to which it was entitled under that theory.

It is also argued under this ground that the court did not properly define plaintiff's duty with reference to driving his cattle on the highway in its instructions to the jury; and in support thereof it is insisted that the court should have told the jury, in substance, that it was the duty of plaintiff to keep his cattle on the right side of the road. The court did instruct the jury, by the

usual contributory negligence instruction, that if plaintiff was negligent in driving his cattle on the highway, and by reason of which he contributed to the collision and their consequent injury, and but for which they would not have been injured, then a verdict should be rendered for defendant. There was no objection to that instruction, and for that reason, if defendant desired a more concrete one upon the duties of plaintiff in the driving of his cattle on the highway, it was its duty to perpare and offer one submitting its theory. It did not do so, and because of such failure it is barred on this appeal from raising the question; but by so saying we would not be understood as committing this court to the rule contended for; i. e., that the statutory provision with reference to ''keeping to the right'' applies to a herd of cattle being driven on the highway. That question, not being properly presented, is, of course, not determined. We therefore find no merit in this ground.

3. Ground (3) is directed to the testimony with reference to the extent of the damage sustained by plaintiff. By his testimony plaintiff proved that one of his herd of cattle was killed and another one practically so, and that they were worth at the time between $110 and $115 each, and that other members of the herd were struck and knocked against still others, and many of them were shoved off the dump of the highway in such manner as to bruise and injure them, whereby they were damaged and their value reduced as much as $10 or more per head, and that a sufficient number were so injured as to aggregate plaintiff's damage in a sum much more than the amount of the verdict. He sustained his testimony by another witness, who was a neighboring farmer and an experienced dealer in cattle, and who saw the herd just before and just after the collision. While the testimony as to the injuries sustained, other than the two head hereinbefore referred to, is not as explicit as it might have been, yet we are not prepared to say that it was so indefinite as to render it incompetent, nor to hold that it was insufficient to support the amount of the verdict, over and above the value of the two head, one of which was killed outright.

Perceiving no error prejudicial to the substantial rights of defendant, the judgment is affirmed.