## ANDERSON v. KINLOCH et al.

Court of Appeals of Kentucky.
Oct. 17, 1952.

S. Jewell Rice, Lexington, for appellant.

James Park, Rufus Lisle, Lexington, for appellee.

SIMS, Justice.

Appellant, Lula E. Anderson, was a passenger in the cab of the Lexington Yellow Cab Company, which was driven by Albert Williams. On a street in Lexington the cab collided with a car, driven by B. B. Kinloch, and she sued the Company, its driver and Kinloch for $11,200 damages for injuries she alleged she received in the collision. From a favorable judgment of $150 against the Company and Kinloch (but not against Williams, the cab driver), she appeals on the ground that her recovery was inadequate.

We are not particularly concerned with the manner and cause of the accident since the chief contention concerns the in-

adequacy of the award. There are, however, other questions raised by vague generalities in which we find no merit. Attorneys for appellee Cab Company call attention to the rule that where the servant is not liable, the master, under the doctrine of respondeat superior, is not liable. Louisville & N. R. Co. v. Farney, 295 Ky. 8, 172 S.W.2d 656; Levi v. Gonzenbach, 236 Ky. 586, 33 S.W.2d 657; Chesapeake & Ohio Ry. Co. v. Williams' Adm'x, 300 Ky. 850, 190 S.W.2d 549. However, since the amount involved, in so far as it affects the Cab Company, is only $150, and it is asking that the judgment be affirmed, we cannot consider that phase of the case.

Consequently, the only serious matter to be considered is the extent of the injuries of appellant. The collision of the car and the cab was so slight that there was only a small dent in the fender of the cab, with no damage at all to Kinloch's car. It appears that the sudden stopping threw Mrs. Anderson forward with slight injury to her hand and possibly some shock. After the accident appellant was taken to the office of Dr. Bach, who was not in. She then walked from his office to Dr. Bays' office, after which she went home. About three weeks subsequent to the accident she had a heart attack, after which she instituted this action.

According to Dr. Bays' testimony, appellant had been suffering from hypertensive heart disease prior to the accident and had been in a rather serious condition. This is corroborated by the hospital records. In fact, there is no serious controversy about the existence of this condition. According to Dr. Bays' testimony, he was unable to estimate the extent that the accident may have aggravated appellant's condition or what connection it could have had with the precipitation of the heart attack three weeks after the accident. The connection between the accident and the heart attack three weeks thereafter was purely speculative.

Courts generally are not disposed to set aside verdicts as inadequate unless the amount awarded is so small and at such variance with the facts as to indicate the verdict was influenced by passion and prejudice. Wilkins v. Hopkins, 278 Ky. 280, 128 S.W.2d 772. In the light of the evidence in this case we cannot say that the jury's verdict was inadequate. To say so would in effect be a substitution of our judgment for that of the jury.

The judgment is affirmed.