### EVANS v. DOTSON.

Court of Appeals of Kentucky.
Feb. 20, 1953.

V. R. Bentley and Abner May, Pikeville, for appellant.

Hobson & Scott, Pikeville, for appellee.

MOREMEN, Justice.

Appellant, Kathryn Evans, was awarded damages in the sum of $50 for injury to a 1941 Packard car which collided with an automobile driven by appellee, Bill Dotson.

Appellant assigns as cause for reversal the failure of the circuit court (a) properly to instruct the jury, and (b) to grant a new trial because of inadequacy of damages.

The accident occurred on the Little Pond Creek Road at Huddy Camp. The road at this point is curved and an alley joins the road from the concave side of the arc. Appellant was proceeding out of the alley onto the road intending to turn right towards the main Pikeville-Williamson Highway when appellee was approaching the mouth of the alley and traveling in a direction away from the highway. Both cars contained passengers, and the parties and the witnesses disagreed concerning the actions of the drivers before and at the time of the impact.

Appellee stated that he was driving on the right-hand side of the road when Mrs. Evans pulled out of the alley and swung towards the center of the road and collided with his automobile. Mrs. Evans and the witnesses introduced in her behalf testified that Dotson was on the left-hand or wrong side of the road and was traveling in excess of a speed that was reasonable at the time. The case is clearly one that should have been submitted to the jury.

Although appellant recovered a judgment under the instructions given, which fixed liability for the accident in appellee, she urges that error was committed by the court in failing to charge the jury that appellee should have given warning of his approach because the collision occurred on a curved portion of the highway. KRS 189.410. Neither party testified concerning whether or not appellee sounded a horn. A party is only entitled to instructions which are supported by the pleadings and evidence. Stanley's Instructions to Juries, Section 13.

We believe the failure to sound a warning could not have been a contributing cause of the accident under the circumstances described in the evidence. However, appellant is not entitled to complain in this court of the failure to instruct on that point. At the trial, neither party

478

offered instructions. The court prepared the instructions, appellant did not object to them and, of course, no exception appears of record. We have held that an assignment of error in giving instructions cannot be considered on appeal where no objection was made thereto in the court below. Chesapeake & Ohio Railway Co. v. Kelley, 157 Ky. 724, 163 S.W. 1088; Consolidated Coach Corporation v. Sphar, 226 Ky. 30, 10 S.W.2d 482.

It is true, as stated by appellant, that when the court undertakes to instruct the jury, even though no instructions have been offered, the court is under duty to properly instruct the jury. Prudential Insurance Co. of America v. Sisson, 276 Ky. 506, 124 S. W.2d 739; Capital Theatre Co. v. Compton, 246 Ky. 130, 54 S.W.2d 620. But, by proper instruction, it is not meant that the court must instruct upon every possible point in the case. If the party desires a specific instruction on a definite subject (such as duty to blow the horn), he must offer one concerning it, and, upon failure so to do, he will not be heard to complain in this court. In Collis v. Hoskins, 306 Ky. 39, 208 S.W.2d 70, 72, the court said:

"Another answer to this argument is that he never offered an instruction on this point. The rule in civil cases is that where the court offers instructions on his own motion, as he did here, his instructions must be proper as far as they go, but he is not required to instruct on the whole case and should either party desire an instruction upon a point not included in those given by the court on his own motion, such party must offer it. Whitehead's Adm'r v. Peter Knopf's Sons, 262 Ky. 493, 90 S.W.2d 709; Osborne v. Durbin, 30 Ky. 412, 192 S. W.2d 198."

In regard to appellant's contention that the damages were inadequate, we are of opinion that the award is not so small as to strike the mind at the first instance as having resulted from passion, prejudice, corruption or mistake. Smith v. Bailey, 311 Ky. 118, 223 S.W.2d 582, and Wilkins v. Hopkins, 278 Ky. 280, 128 S.W.2d 772.

There was a sharp disagreement concerning the damage to Mrs. Evans' car which resulted from this collision. Mrs. Evans stated that the radiator was destroyed; that oil drained out on the road; the headlight was smashed; the frame was bent; that the car was worth about $800 and that she disposed of it later by turning it over to a garage for a storage bill. On the other hand, witnesses introduced by appellee contradicted the evidence which she and her witnesses had given in regard to the extent of the damage, and the jury probably accepted their testimony in this regard. If this 1941 Packard was only damaged to the extent that minor damages were incurred or, as Dotson testified, "It didn't look like my car had done anything to her car. It looked like it had been banged up heretofore," then the award of the jury was certainly sufficient.

We find no substantial error in the record and the judgment is therefore affirmed.