**Dorothy FARROW, Appellant,**

**v.**

**William A. CUNDIFF, Appellee.**

Court of Appeals of Kentucky.

June 26, 1964.

As Modified on Denial of Rehearing

Nov. 13, 1964.

Ephraim K. Lawrence, Jr., Louisville, for appellant.

Edward J. Hogan, Joseph H. Taylor, Louisville, for appellee.

PLEAS JONES, Special Commissioner.

This is an appeal from a judgment in the amount of $700.00 in favor of appellant, Dorothy Farrow, against appellee, William A. Cundiff.

The action grew out of an automobile accident which occurred in Jefferson County on December 17, 1960. Mrs. Farrow was a passenger in an automobile which was stopped in the line of traffic on Dixie Highway. The appellee's car, which he was operating, collided with the rear of the car in which appellant was a passenger.

Appellant sued Cundiff for $7,000.00 for personal injuries. The case was tried by a jury and judgment was entered for appellant on the verdict.

It is insisted that the court erred on the following grounds:

(a) In refusing to permit appellant to ask a question on voir dire examination;

(b) in directing appellant to read prejudicial and incompetent evidence;

(c) in refusing to permit appellant's husband to testify; and

(d) that the damages awarded were inadequate.

Each of these contentions will be discussed and disposed of in the order named.

■ With respect to appellant's first contention, an examination of the record reveals that the question complained of was never asked the jury. It does show that appellant's counsel, out of the hearing of the jury, requested that he be permitted to ask the jury if any of them had any scruples or objections against returning a verdict for the full amount of the prayer if the law and the evidence justified it. The appellant relies on Temperly v. Sarrington's Adm'r, Ky., 293 S.W.2d 863. In that case a similar question was asked the jury and the court held the question to be proper. We do not think that case applies here.

We are of the opinion that had the question been asked and the court had refused an answer thereto that such would have been proper because the court has a wide discretion in permitting an examination on voir dire in civil cases. See Brumfield v. Consolidated Coach Corp., 240 Ky. 1, 40 S.W.2d 356. Since the record reveals the efforts of the court to obtain a fair and impartial panel of jurors, we feel that appellant was in no wise prejudiced, nor did the court abuse its wide discretion in refusing counsel permission to ask the jury this question.

■ Appellant next argues that the court erred in overruling her motion that, in the reading to the jury of her doctor's deposition (taken by the appellee for discovery) there be deleted, as not responsive and as irrelevant, a portion of a sentence in which the doctor stated, "I have never been able to get muscle soreness out of a patient until after the case was settled * * *." The doctor had been asked this question:

"Doctor, do you have any fixed medical opinion with any degree of reasonable certainty that this woman does or does not have any permanent injury arising out of these injuries that she claims now?"

The doctor's answer was this:

"I actually feel that Mrs. Farrow is not seriously injured, that she is—that she actually does experience discomfort brought on by the fact that she did sustain an injury coupled together with her nervousness by nature and based on my experience on these accidents. * * * Based on my experience and seeing accident cases * * * in that with no reflection on any patient at any time, I have never been able to get muscle soreness out of a patient until after the case was settled and I think this is a justifiable statement with no reflection on the patient because a nervous person like Mrs. Farrow is always thinking about her

complaints and its being brought to her mind as she's a person who gets upset easily and the thought of any lawyers or any litigation upsets her and I think that once I get this patient out of any kind of a court problem at all that I will be able to handle her well and a lot easier and I'll be delighted from my professional standpoint once it is over.

"I think I'll be able to be of more service to Mrs. Farrow then. This is no reflection on her and I don't think that she is malingering. I think she is just nervous, a nervous person who is easily upset."

The doctor's statement, taken in its entirety, is responsive to the question asked and is relevant to the issue. In substance the doctor said that Mrs. Farrow was suffering from a legitimate compensation neurosis. His comment that he never had been able to get muscle soreness out of a patient until after the case was settled was helpful rather than harmful to the plaintiff because it tended to show that the kind of disability Mrs. Farrow had, though not serious, was a valid one. In our opinion the trial court did not err in refusing to delete the comment.

■ The court refused to permit appellant's husband to testify as to her damages simply because the parties had a stipulation to exchange the names of witnesses. Here the name of the proposed witness was not furnished appellee. It is the contention of appellant that the court was in error on this point. We cannot concur in this conclusion. The record reveals that appellant's counsel stated that he would like to make an avowal, but no such avowal was ever made, and this court cannot possibly determine if the court's refusal to permit the witness to testify was prejudicial. The appellant testified at length concerning her alleged special damages; the bills of her physician and also the drug bills. Appel-

lant cites Barnes v. Jones, Ky., 351 S.W. 2d 506, to support her contention that the exclusion of her husband as a witness was prejudicial. We do not think that case is controlling here. In that case the trial court refused to permit the introduction of testimony in regard to the amount of special damages incurred by appellant. We are of the opinion that the preclusion of this testimony was not prejudicial.

■ It is next insisted by the appellant that the amount of damages awarded her was inadequate. The evidence with respect to the loss of earnings by appellant was entirely speculative. She was not employed at the time of the injury and had actually lost no earnings, though the question of lost earnings was submitted to the jury by instruction. According to the testimony of Dr. Morgan, her own physician, the appellant was not seriously injured. He testified that appellant did experience discomfort brought on by the fact that she did sustain an injury coupled together with a nervous condition. The proven special damages for medical expenses were $357.86 which leaves a balance of $342.14 of the $700.00 awarded to be applied toward loss of time and for pain and suffering.

■ Courts generally are not disposed to set aside verdicts as inadequate unless the amount awarded is so small and in such variance with the facts as to indicate the verdict was influenced by passion and prejudice. Wilkins v. Hopkins, 278 Ky. 280, 128 S.W.2d 772; Rhodes v. Young, Ky., 248 S.W.2d 416; Anderson v. Kinloch, Ky., 252 S.W.2d 24.

From all of the evidence in this case we cannot say that the jury's verdict was inadequate. To say so would usurp the province of the jury.

It is recommended that the judgment be affirmed.

The opinion is approved by the Court and the judgment is affirmed.