**Virginia C. DAVIS, Appellant,**

v.

**James Roy LUCAS et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 4, 1968.

James F. Clay, Clay & Clay, Danville, for appellant.

Pat D. Rankin, Stanford, James M. Graves, Boehl, Graves, Deindoerfer, Louisville, for appellees.

OSBORNE, Judge.

This is the second appeal of this case following three trials. On the first trial, appellant was awarded a verdict by the jury of $30,787.50. The trial court granted a new trial upon this verdict, after judging it to be excessive.

On the second trial of the case, the jury returned a verdict for the appellant in the amount of $30,851.10, which was appealed to this court and reversed. See Lucas v. Davis, Ky., 409 S.W.2d 297.

 On the third trial, judgment for appellant was entered in the amount of $8000, from which she prosecutes this appeal.

She contends first that the appellee was negligent as a matter of law and the trial court should have so instructed the jury; secondly, that there was improper argument by counsel and that damages were grossly inadequate. In addition, she objects to the instructions. Upon this point, we find no merit. Her objections are to the instructions concerning liability and, as the jury returned the verdict for the plaintiff, any error which might have been committed in this respect was cured by the verdict.

■ Appellant strongly contends that appellees were negligent as a matter of law, therefore, the court should have directed a verdict for her upon the question of liability. This was the basis of the first appeal wherein we reversed the trial court's direction of a verdict stating that, under the facts as therein shown, the negligence question was one that should have been submitted to a jury. Our holding in that case does not preclude appellant from raising the question again upon this appeal, if there is a material variance between the evidence offered in that action and that offered herein. We have searched the record for some relevant fact brought out on the third trial that was not presented at the second and have found none. Therefore, the decision of this court upon the first appeal becomes the law of the case and can not be again questioned. See Com. of Ky., Dept. of Highways v. Arnett, Ky., 425 S.W.2d 749; Siler v. Williford, Ky., 375 S.W.2d 262. In any event if this were error it was cured by the verdict.

Appellant's contention involving improper argument of counsel was brought about by the fact that appellant claimed, and the trial court instructed the jury, that she was entitled to recover for any impairment of her power to earn money regardless of whether she was not working at the time of the accident. In his closing argument, appellees' counsel made the following statement:

"This is analogous to trying to draw money for work you don't do or a crop you don't raise. If Mrs. Davis had been working at the time of the accident and because of her injuries was prevented from working for the next six months or nine months or whatever it was, and her salary had been $50.00 a week, her claim for the loss of that salary would have been good."

It is apparent that this, to say the least, is a misleading argument and was made in an attempt to mislead the jury as to the real basis of appellant's claim. However, the record discloses that the trial judge later admonished the jury and advised them of the true basis for her claim and advised them that the accurate test was the impairment of her power to earn money and not the loss of money by reason of her not being able to work. We believe this admonition was calculated to sufficiently clarify in the minds of the jurors any confusion that might have been implanted there by the improper argument.

■■ Even though the damages awarded upon this trial were substantially less than the amount awarded upon the first two trials, it can not be said that they are inadequate. Appellant's injuries consisted of what is commonly called a whiplash injury. The X-rays of her spine were negative as to any fractures or abnormalities. The medical testimony concerning the seriousness of the injury was, as in most cases of this nature, conflicting. During this trial there was additional evidence by an X-ray technician that appellant came to him for the purpose of having X-rays made. During the taking of the X-rays she was holding her head in a rigid position to one side and said she could not straighten it (which, incidentally, she did during the course of the trial). However, after he had left her in the room alone for sometime while developing the X-rays, he returned and she was holding her head erect. Appellant attempted to explain this by saying that sometimes, when she relaxed, the rigidness of the neck was lessened and that at this time she had momentarily fallen asleep. This evi-

dence was not available upon the previous trials and could well explain the differences between the verdicts there and the one here. Verdicts of juries as they relate to damages will not be set aside unless the amount of the award is so disproportionate as to strike the mind, at first blush, as having resulted from passion, prejudice, corruption or mistake on the part of the jury. Farrow v. Cundiff, Ky., 383 S.W.2d 119; Anderson v. Kinloch, Ky., 252 S.W.2d 24; Wilkins v. Hopkins, 278 Ky. 280, 128 S.W.2d 772.

■ In addition to the objections above set out, appellant complains of the failure of the trial court to permit her to make certain amendments in her pleadings. This case was appealed upon a partial designation of the record. Under the Civil Rules of Procedure, CR 75.04, she was required to file a statement of points and authorities upon which she expected to rely. Her statement did not contain any objection to this ruling nor any authorities concerning it. Therefore, it is not properly before this court. Little v. Whitehouse, Ky., 384 S.W.2d 503.

The judgment is affirmed.

All concur.