John Robert MOBERLY, Appellant,

v.

William CAUDILL, Appellee.

Court of Appeals of Kentucky.

March 14, 1969.

Louis N. Garlove, Morris, Garlove, Waterman & Johnson, Louisville, for appellant.

J. Walter Clements, G. William Clements, I. G. Spencer, Jr., Louisville, for appellee.

**508** 

CLAY, Commissioner.

The only issue on this appeal is whether the damages awarded appellant for personal injuries were so inadequate that the trial court committed error in declining to grant him a new trial. Appellant had suffered an injury to his knee and his head in an automobile accident. His medical expenses were $1,095.95. The jury awarded him $4,095.95, which obviously included an award of $3,000 for pain and suffering.

Appellant was in his first year at college when the accident occurred in October 1964. His knee injury induced "pre-patellor bursitis", for which he received injections and had two operations. The knee injury caused pain for a lengthy period after the accident and there was evidence that he will need further treatment. There was also evidence of permanent impairment in a minor degree.

Appellant's principal claim for damages is based on a head injury. He received a cut on the forehead which required six stitches. A doctor testified he had a "bruised" or "contused" brain which seemed for a while to impair "his ability to organize his thinking processes effectively". Appellant testified about periodic headaches. Following the accident he "flunked" out of college and it is his contention that this setback is attributable to the accident. Later he enrolled in another college and maintained a B average. While there was proof that the injury (or the shock of the injury) may have temporarily impaired appellant's thinking processes, there is no compelling evidence that his failure in college was attributable to his injuries. He was a C student in high school and it is common knowledge that this does not assure success in college. He had married shortly before entering college which may have had an effect on his studies. We are inclined to the view that the jury, as it justifiably could, simply did not believe that appellant's school problems were caused by the injuries he received in this accident.

 It may be observed that the trial judge found that the jury had made an inadequate award of property damages to appellant's father who owned the automobile involved in the accident. However, that same judge was presented on a motion for a new trial with the question we have before us and he, who had heard the witnesses, determined that appellant's award was not inadequate. While the evidence may have supported a higher verdict, the courts cannot usurp the province of the jury unless the verdict is so small as to indicate it was the result of passion and prejudice. Farrow v. Cundiff, Ky., 383 S.W. 2d 119. We do not find this here and we cannot say the trial court was in error in declining to grant a new trial.

The judgment is affirmed.

All concur.