## Fidelity & Casualty Company of New York v. Carson.

(Decided December 12, 1924.)

### Appeal from Harlan Circuit Court.

1. Attachment—Forthcoming Bond, Executed Pursuant to Order of Court, Valid.—Surety on forthcoming bond cannot complain that bond was executed before clerk of court instead of sheriff, as provided by Civil Code of Practice, section 214, where bond was executed pursuant to order of court, while property was in possession of sheriff under section 203, thus releasing attached property and rendering bond a valid common law obligation, if not a statutory bond.

2. Pleading—Refusal to Allow Filing of Second Amended Answer Held Not Abuse of Discretion.—Court held not to have abused its discretion in refusing to file second amended answer, which introduced new issue which would have necessitated a continuance, where only ground was unverified statement that defendant was not aware of agreement therein set forth in time to sooner plead same, and agreement was shown to have been approved by court and to be of record in action.

3. Appeal and Error—Objections to Instructions Not Included in Motion for New Trial, Waived.—Objections to instructions, which are not included in motion and ground for new trial, are waived.

4. Appeal and Error—Appellee May Show Right of Appeal has Ceased to Exist.—Under Civil Code of Practice, sections 757, 758, appellee by answer filed in Court of Appeals may show that right of appeal has ceased to exist since rendition of judgment from which appeal is prosecuted.

SAMPSON & SAMPSON and FRED FORCHT for appellant.

ACREE & BAKER and J. S. FORESTER for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

In an action of Carson against the Luck Company, etc., an attachment was levied upon several items of personalty, including a steam shovel. The steam shovel was returned to the defendants upon their execution of a forthcoming bond therefor in the sum of $2,500.00, with appellant as surety thereon. In that action, Carson recovered judgment for $3,000.00 with interest and costs, the attachment was sustained and the attached property ordered sold. Pursuant to that order, the sheriff sold all of the attached property except the steam shovel, which defendants had removed from the state, and same brought only $600.00. This was applied to the judgment, leaving a balance of more than $2,500.00 unsatisfied.

Thereupon Carson brought this action on the bond against appellant and recovered a verdict and judgment for the full amount of the bond, from which judgment this appeal is prosecuted.

The first complaint is that the bond is invalid because taken before the clerk of the court rather than the sheriff, as provided by section 214 of the Civil Code.

It is true this section directs that a forthcoming bond shall be executed in the presence of the sheriff and without an order of court, but by section 203 the sheriff holds all attached personalty subject to the order of the court, and in this case the court by order entered in term time authorized the execution of the bond for release of the steam shovel to the defendants, and, while executed before the clerk of the court, it does not appear whether the sheriff was present or not. But however that may be, appellant voluntarily, and no doubt for pay, became surety upon the bond executed pursuant to an order of the court, and thereby secured the release of the steam shovel from possession of the sheriff and control of the court, and it is well settled that a bond so executed is

valid as a common law obligation if not as a statutory bond. Deposit Bank v. Thomason, 23 R. 1957, 66 S. W. 604; Yocum v. Barnes, 8 B. Mon. 496, 6 C. J. 332.

Hence there is no merit in this contention.

The next complaint is that the court erred in refusing to permit defendant to file a second amended answer on call of the case for trial of the issues as theretofore made. This pleading introduced a new issue, and if filed would have necessitated a continuance of the case. The only excuse offered for not having filed it sooner is the unverified statement contained therein, "that defendant was not aware of the agreement herein set forth in time to sooner set up and plead same." That agreement, however, was approved by the court and of record in the action in which the bond was executed, as the offered pleading shows, and, conceding without deciding that it stated a defense, we are unwilling to say that under the circumstances the court abused a sound discretion in refusing to file it.

Objections are urged against the instructions given, but these were waived, since they are not included in the motion and ground for a new trial.

The final complaint is that the court erred in ordering $1,800.00 of the $2,500.00 adjudged against defendant to be distributed when paid into court in accordance with plaintiff's written assignments thereof.

The basis of this complaint is that defendant had been served and answered as garnishee in an action against plaintiff, as set out in its answer herein, and that it was error to distribute the $2,500.00 herein fixed as its liability to plaintiff prior to a determination of priorities between his attaching creditor, not a party hereto, and his assignees herein.

This ground of complaint, however, has been removed since the rendition of the judgment herein by a judgment in the action wherein defendant was served and answered as garnishee, as is manifested by answer filed in this court. Appellant has filed a demurrer and reply to this answer, and the only question presented is whether an appellee, by answer filed here, may show that a right of appeal has ceased to exist since the rendition of the judgment from which the appeal is prosecuted.

As the right so to do is expressly given by sections 757 and 758 of the Civil Code, it is clear that the demurrer to appellee's answer must be overruled.

Judgment affirmed.