# Noel v. Ecton.

January 18, 1949.

William J. Deupree and William J. Deupree, Jr. for appellant. Marion Moore for appellee.

OPINION OF THE COURT BY JUDGE HELM—Affirming.

Appellant, Clara S. Noel, formerly Clara Steininger, has appealed from a summary judgment against her as surety on a bond executed to discharge an attachment, and to perform the judgment of the court in favor of appellee for the sum of $4500, with interest and the cost of the action.

In an action for $4500 on a written contract in the Kenton Circuit Court, appellee, James C. Ecton, had attached a bank account and five automobiles of Marguerite Tarvin and Robert L. Tarvin.

On June 4, 1946, an order was entered in the Kenton circuit court to release the attachment on the bank account of the Tarvins, and to release the automobiles attached.

Later, appellee obtained a verdict and judgment for $4500 in the original case. Appellee, on February 13, 1948, notified appellant that he had obtained judgment for $4500 but that no part of it had been paid, and that on March 1, 1948, he would move that the court render judgment against her for $4500, with interest and the cost of the action.

On March 8, 1948, appellant filed answer to the

summary petition of appellee, alleging that she was not liable upon the bond filed to release the property attached because that bond was not approved by the court in accordance with section 221 of the Civil Code of Practice.

The bond executed, with endorsements, is as follows:

"Kenton Circuit Court
———— Division
No. 48617

James C. Ecton                                                    Plaintiff,
v.          Bond To Discharge Attachment
Marguerite Tarvin and
Robert L. Tarvin, her husband, Defendants.
. . . . . . . . . . . .

We bind ourselves to the plaintiff, James C. Ecton, that the defendants, Marguerite Tarvin and Robert L. Tarvin, shall perform the judgment of the court in the above styled action.

In Witness Whereof, we hereunto set our hands this 4th day of June, 1946.

(s)    Marguerite Tarvin
       Robert L. Tarvin
       Defendants.
       Clara Steininger
       Surety.

State of Kentucky:
                :    SS.                            Affidavit
County Of Kenton:

The affiant, Clara Steininger, being first duly sworn, deposes and states that she signed the above bond as surety for the defendants, Marguerite Tarvin and Robert L. Tarvin.

The affiant states that she is the owner of real estate known as the 'Belvedre Club' located on the Madison Pike, Kenton County, Kentucky.

The affiant states that her net worth is more than nine thousand ($9000.00) dollars in addition to any homestead exemption or other exemption which she might have by law.

(s)    Clara Steininger

Subscribed and sworn to before me by Clara Stein-
inger this 4th day of June, 1946.

    (s)   Stanley Chrisman
                    Notary Public Kenton
          County, Ky.

My Commission expires 2-9-50.
Filed In Clerk's Office
    June 4, 1946
John A. Herold, Clerk.''

On June 4, 1946, the date on which the bond to dis-
charge the attachment and perform the judgment of the
court was executed, the following order was entered in
Civil Order Book No. 102, page 553 of the Kenton Cir-
cuit Court, Criminal, Common Law and Equity Division,
Honorable Joseph P. Goodenough presiding:

''48,617 James C. Ecton vs. Marguerite Tarvin et
al. Come the defendants herein by and through counsel
and posted bond to discharge the attachment herein and
to perform the judgment of the court.

''Order

''The defendants having posted bond with the clerk
of the court to perform the judgment of the court and
to discharge the attachment herein, The Peoples Liberty
Bank and Trust Company of Covington, Kentucky, is
hereby ordered and directed to release the attachment
of Marguerite Tarvin and Robert L. Tarvin, checking,
and the said bank is ordered and directed to release said
fund in said checking account to the said defendants and
the said Peoples Liberty Bank and Trust Company shall
be forthwith released and the attachment discharged.

''It is further ordered that the Seiler Motor Car
Company of Covington, Kentucky, is authorized and di-
rected to release to the defendants, Marguerite Tarvin
and Robert L. Tarvin the five automobiles attached in
its hands by the Sheriff of Kenton County shown on the
Sheriff's return to court of the attachment June 1,
1946.''

This order and other orders of the day were duly
signed by the presiding judge.

Appellant, to escape the payment of the summary

judgment against her, contends that the bond to discharge the attachment and perform the judgment of the court was not approved by the court in accordance with section 221 of the Civil Code of Practice; while the appellee, for whose protection the bond was executed, contends that the foregoing order signed by the presiding judge as of June 4, 1946, constituted an approval of that bond by the court as provided by section 221 of the Civil Code of Practice.

In 5 Am. Jur. 143, section 906, it is said:

"A plaintiff may waive defects and irregularities in a bond to dissolve an attachment or garnishment or to release attached or garnished property; and if he does so, there is no reason why the bond should not be binding on the signers or why anyone else should object to its validity."

In 7 C. J. S., Attachment, sec. 312, page 499, it is said:

"Approval need not be endorsed on the bond. * * * Where approval is regarded as a step for the protection of plaintiff, it may be waived, and the obligation remains a statutory bond. * * * Where the consideration of a bond was the release or discharge of an attachment, and the property has been returned, it will be presumed that the necessary court orders to that end have been made."

The trial judge, in his written opinion, concluded that:

"The bond in the instant case was designed for the security of plaintiff, who had the right to waive irregularities. The filing of this bond in the clerk's office accompanied by defendants' motion to discharge the attachment and the order of the court which recited that this bond had been posted with the clerk of the court and the discharge of the attached property is a substantial compliance with section 221 of the Civil Code of Practice. This conduct was in effect the approval and acceptance of this bond by the court.

"We are persuaded to conclude that this is a good statutory bond. Plaintiff may have judgment against the surety."

We agree with the trial court that there was a sub-

stantial compliance with the provisions of section 221 of the Civil Code of Practice.

Judgment affirmed.