**PERFECTION HARDWOOD FLOORING COMPANY, Inc., Appellant,**

**v.**

**John BOWLING et al., Appellees.**

Court of Appeals of Kentucky.

March 29, 1957.

Dan Cornette, Cornette & White, Harlan, for appellant.

A. E. Cornett, Hyden, for appellees.

MONTGOMERY, Judge.

This action sought to recover on a bond which had been lost or destroyed. The judgment denied recovery, from which Perfection Hardwood Flooring Company, Inc., the movant, has appealed.

The issues concerned the type of bond executed and by whom signed.

On October 6, 1950, appellant obtained a judgment in the Leslie Circuit Court against John Bowling and M. T. Warren, appellees herein, for $2,001.05, with interest from date until paid. At the beginning of that action, appellant procured an attachment against the property of Bowling and Warren. The sheriff of Leslie County executed the attachment by levying on personal property, including two trucks, some tools, and a pair of work horses. This property was brought to the county seat where it remained until it was returned to Bowling and Warren by the sheriff. No part of the judgment has been satisfied.

On May 7, 1954, appellant filed a motion against Bowling, Warren, and McKinley Asher, pursuant to KRS 418.005 et seq., and KRS 422.220. It was alleged that Asher bound himself on a bond executed by Bowling and Warren, the judgment was unsatisfied, and the bond had been lost or destroyed. Appellant sought recovery against the three appellees for the amount of judgment, with interest and cost. The case was submitted on appellant's proof only, no testimony having been offered by appellees. The trial court held that the proof was insufficient to establish the execution of a bond or the type of bond, whether a forthcoming bond under KRS 425.280(1) or a bond to discharge an attachment under KRS 425.305(1).

The loss of the file or record in the original action and proof of the verdict and judgment were shown by the testimony of the circuit court clerk. Wiley Joseph was the sheriff of Leslie County at the time the action was instituted. He recalled the lawsuit, stating that he levied the order of attachment against the property of Bowling and Warren, and returned it to the clerk's office. He stated that he was advised by C. W. Hoskins, then attorney for appellant, that the property could be released since a bond had been executed. Subsequently, he returned the property to Bowling and Warren.

Isaac Turner, an attorney, represented Bowling and Warren in the original action. He testified that he was present in the sheriff's office while Bowling was attempting to procure the signature of Asher, Bowling's brother-in-law, on a bond. On that occasion, he recalled, the sheriff had a document which he said was a bond. Turner was advised that the bond had been prepared and transmitted to the sheriff by C. W. Hoskins, appellant's attorney, who has since died. In response to Asher's inquiry, Turner advised him that it would be safe to sign the bond if Bowling and Warren would perform the orders of the court. He was unable to say whether Asher signed the bond. The sheriff stated that he remembered nothing of this transaction.

The president of appellant company testified that he discussed the bond matter with Hoskins, his attorney. Hoskins advised him that the bond taken was not a forthcoming bond but one on which the signers, including Asher, who was financially responsible, could be held liable. He also testified that Asher, in a conversation with him, admitted execution of the bond. This statement was not denied by Asher.

The widow of C. W. Hoskins testified that she found an envelope in his files which contained a carbon copy of a bond to perform the judgment of the court under KRS 425.305. The names of Bowling, Warren, and Asher are penciled in in the appropriate spaces for the signatures of principals and surety, respectively. It was stipulated that the names were in the handwriting of C. W. Hoskins and were "fixed thereto for the purpose of his file". On the outside of the envelope, there is written "carbon copy of bond of John Bowling,

M. T. Warren, and McKinley Asher (surety) in this." The writing has been identified as that of Hoskins.

■ Objections were made to certain testimony offered by appellant, but the record does not indicate that any rulings were sought or made by the court on the objections. The contrary is suggested since findings of fact made by the lower court embodied part of the alleged objectionable testimony without mention of any ruling on such proof. Under the circumstances, the objections must be considered as waived. CR 43.04(3).

■ It is insisted by appellant that the evidence is sufficient to warrant a recovery. The testimony was uncontradicted. None of the appellees testified or offered any other proof. Appellant made two attempts to take Asher's deposition, but Asher failed to appear. The general rule in respect to weight to be accorded uncontradicted testimony is that if the witness is disinterested and in no way discredited by other evidence, and the testimony is as to a fact not improbable or in conflict with other evidence, and is within the witness' own knowledge, such fact may be taken as conclusive. Bullock v. Gay, 296 Ky. 489, 177 S.W.2d 883. In Lee v. Lee, 215 Ky. 226, 284 S.W. 1052, the uncontradicted testimony as to a lost deed was held to make a prima facie case sufficient to justify relief.

■ In the instant case, the clerk of the court, the sheriff, Isaac Turner, and the deceased attorney's widow were witnesses not shown to have any interest. The president of the appellant company was an interested witness, but his testimony was undenied. Satisfactory proof is required for relief under KRS 422.220. The evidence for the appellant is satisfactory to establish that a bond in favor of appellant was executed, Bowling, Warren, and Asher signed the bond, the attached property was released following the execution of the bond, the bond was lost or destroyed, and it was a bond to perform the judgment of the court under KRS 425.305(1). The findings of the trial court to the contrary are clearly erroneous. CR 52.01.

■ Appellees seek to avoid liability on the bond because it was not shown to have been executed or approved in accordance with KRS 425.305, formerly Civil Code Sections 221 and 222. The rule is that bonds intended to be taken in compliance with attachment statutes but failing in such compliance nevertheless constitute, if entered into voluntarily and founded upon a valid consideration, and if not violative of public policy or in contravention of any statute, common law obligations, and may be enforced by common law remedies. The surety on a release bond cannot escape liability thereon because it was accepted by the parties and not approved by the officer, as provided by statute. Fidelity & Casualty Co. of New York v. Carson, 206 Ky. 136, 266 S.W. 1063; Noel v. Ecton, 309 Ky. 189, 217 S.W.2d 223; 5 Am.Jur., Attachment and Garnishment, Section 908, page 143; 7 C.J.S., Attachment, § 312, page 498. The bond in question was voluntarily entered into and the release of the attached personal property was secured in consideration of such execution. The trial court was in error in denying recovery on the bond.

■ Upon motion of appellant, the action was dismissed as to one Elmer Begley, an alleged surety on the bond. Appellee Asher complains that such dismissal was an act which prejudiced his liability and operated to release him as a cosurety. This argument is without merit since no objection was made by appellee Asher to the action taken and it was never proved that Begley executed the bond as surety.

Judgment reversed, with direction to enter one in favor of appellant against appellees.