## South Covington & Cincinnati Street Ry. Co. v. Barr.

(Decided March 16, 1912.)

### Appeal from Kenton Circuit Court (Law and Equity Division).

1. Instructions—Negligence.—Where a petition based the cause of action solely upon the gross carelessness and negligence of a street car company's employees in running the car at a great and excessive rate of speed, an instruction which directed, as a matter of law, that the company was liable if its employees ran the car at a rate of speed which was dangerous to passengers, was erroneous, in that it omitted to base the plaintiff's right of recovery upon the negligent and careless operation of the car by the company's employees.

2. Damages—Punitive Damages.—Exemplary or punitive damages can be awarded in case of personal injuries only where the negligence or injury complained of is malicious, or wanton, or the negligence is gross. The act must partake of a criminal or willful nature; and, in the absence of any evidence to that effect the damages must be confined to compensation only.

ROBERT C. SIMMONS for appellant.

SHAW & WARE for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

The appellee, Mrs. Abbie E. Barr, was a passenger upon appellant's street car between 8 and 9 o'clock p. m. on February 27, 1910, as it was proceeding westwardly on Fourth street in the city of Covington. The car was under the control of the motorman at Russell street, which is the second street east of, and 966 feet distant from Main street. The proper course of the car was westwardly upon Fourth street until it reached Main street, and thence northwardly on Main street. Shortly after the car had passed Russell street the bell rang for a passenger to alight at Johnson street. The car, however, failed to stop at Johnson street, but proceeded with great speed to Main street; and, instead of turning north on Main street, it ran a short distance in the opposite direction, jumped the track, and went onto the sidewalk. The appellee was badly injured, and brought this action for damages. She recovered a judgment for $4,-380 damages, and from that judgment the defendant appeals.

From an examination made of the car after the accident, it appeared that one of the screws holding in place a part of the mechanism of the controller had dropped out of place, and caused the "controller" to lock, thus preventing the motorman from regulating the speed of the car. Appellant introduced evidence tending to show that the car had been carefully inspected the night before the day of the accident; that it was then in good order, and that the accident occurred by the screw in the controller having woked out of place during the day. Appellee introduced testimony tending to show that although the controller was locked as above indicated, the car, nevertheless, could have been stopped in two other ways, first, by the motorman throwing off the hood switch over his head; and, secondly, by the conductor pulling the trolley from the overhead wire. When it became apparent that the car had gotten beyond the control of the motorman, the conductor was in the car gathering fares, and although he attempted to get to the rear end of the car for the purpose of pulling the trolley from the overhead wire, he failed in his attempt by reason of the excitement and confusion of the passengers, who got in his way and impeded his passage. It does not appear that the motorman attempted to throw the hood switch, and it is claimed that this was negligence.

No serious objection is made that the damages are excessive. The grounds relied upon for a new trial are: (1) That the court erred in refusing to give instruction "X" asked by the appellant; and, (2) in giving instructions 2 and 3.

The cause of action stated in the petition was based solely upon the gross carelessness and negligence of the appellant's agents in running the car at a great and excessive rate of speed. The answer contains a traverse, and a plea of contributory negligence. Instruction "X" offered by appellant, and refused by the court, was framed for the purpose of submitting to the jury the question whether appellant had performed its duty of inspection, which fact appellant claims must necessarily be considered in determining its liability under the evidence in this case.

The two controlling instructions given by the court are instructions Nos. 1 and 2, which read as follows:

"1. It was the duty of the defendant to exercise the utmost care which careful and prudent persons are accustomed to exercise when engaged in the same or a similar business and under like or similar circumstances as those in this case, in the operation and management of the car referred to in the proof, and if you believe from the evidence that defendant's servants or employees engaged in the operation of said car operated same at a rate of speed which was dangerous to passengers riding therein and that by reason of such speed said car was caused to leave the railway track in the manner described in the proof and plaintiff was thereby injured, you will find a verdict for plaintiff. If, however, you believe from the evidence that at the time and place and under the circumstances described in the proof said car was not operated at such a rate of speed as to render the operation of same dangerous to persons riding therein; or if you believe from the evidence that said car was not caused to leave the track by reason of the speed with which it was being operated, then in either of said events, you will find a verdict for the defendant."

"2. If you find a verdict for the plaintiff you will award her such a sum of money as you believe from the evidence will fairly and reasonably compensate her for her expense for medical treatment, if any, not exceeding on this account the sum of $380; for the physical pain and mental suffering, if any, which she has endured or

which it is reasonably certain she will in the future endure, if any, and for the permanent impairment of her power to earn money, if any, all directly and proximately resulting to plaintiff from the injury described in the proof; and if you believe from the evidence that the negligence of the defendant, if any, was gross negligence as hereinafter defined, you may in your discretion governed by the proof, award plaintiff such further sum of money by way of punitive damages as you may think right and proper under the evidence, but not exceeding in all the sum of $20,380, the amount prayed for in the petition.''

The appellant insists that the first instruction is erroneous, in that it fails to submit to the jury the question whether it had performed its duty of inspection; while appellee insists that the instruction is correct, because it is based upon the only one issue pesented by the pleadings, that is, the excessive rate of speed, which caused the accident.

It will be noticed, however, that the petition bases appellee's cause of action upon the gross and careless negligence of appellant in running the car; while the first instruction is based solely upon the idea that appellee was entitled to recover if the car was operated at such a rate of speed that made it dangerous to passengers, thus eliminating entirely from the consideration of the jury the question of negligence upon the part of the appellant in the running of the car. In this respect the first instruction was clearly erroneous, since the car may have been operated at an excessive rate of speed, and the appellant might still not have been liable.

Appellee's right of action arises, if at all, out of the negligence of the appellant's employees; but, if the excessive speed which caused the injuries resulted from the defective condition of the controller, the defective machinery prevented the motorman from controlling the car; and if its defective condition was not known to the appellant, its conductor or motorman, and could not have been so known by the exercise of the highest degree of care, then appellant was not liable, unless by exercising like care it could yet have prevented the accident by stopping the car by one of the other means above referred to.

Instruction ''X,'' as offered, was somewhat involved, and should not have been given in the form asked. The appellant, hawever, had the right to have the jury try the question whether it had performed its duty of in-

spection, because, if it had so performed that duty, under the state of facts above pointed out, it was not, in law, liable for appellee's injury, unless its employees were subsequently negligent in not stopping the car.

Appellee relies upon Louisville Street Railway Co. v. Brownfield, 29 Ky. Law Rep., 1099, as sustaining the first instruction. It is clear, however, that the company's liability in that case was placed upon the voluntary operation of the car by the motorman at an excessively high rate of speed, which, of itself, constituted gross negligence. In the case at bar, however, the excessive speed was not the intentional act of the motorman, but one he claimed he could not possibly control, and if he could not control it, he was not negligent within the meaning of the Brownfield opinion.

The same criticism applies to the opinion in South Covington & Cincinnati Street Railway Co. v. Cleveland, 30 Ky. Law Rep., 1074. Neither the Brownfield case nor the Cleveland case is similar in its controlling facts, to the case at bar; on the contrary, the facts are radically different.

The second instruction authorizing the recovery of punitive damages should not have been given. It is well settled that exemplary damages can be awarded in case of personal injuries, only where the negligence or injury complained of is malicious, or wanton, or the negligence is gross. The act must partake of a criminal or willful nature; and, in the absence of any evidence to that effect, the damages must be confined to compensation only.

See L. & N. R. R. Co. v. Wilkins' Guardian, 143 Ky., 572, and the cases there cited. These elements, which must necessarily appear in order to justify a recovery of punitive damages, were not shown in this case.

Judgment reversed for a new trial.