## Lawson v. Sitgraves et al.

March 9, 1945.

546

R. M. Morton and Anton B. Dreidel for appellant.

Stanley B. Mayer for appellees.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

Appellant, Mrs. Ida R. Lawson, sued Booker Sitgraves, Earl Starks and Herman Moore, partners doing business as the Derbytown Cab Company, for $10,000 damages and $500 doctor's bills, alleged to have been sustained by her while a passenger in one of their cabs as a result of it colliding with an automobile. The trial resulted in a verdict in her favor for $120 for her personal injuries and $77 to reimburse her for a doctor's bill, and from the judgment entered thereon she appeals. Mrs. Lawson asks a reversal on the sole ground that the damages of $120 awarded her are inadequate.

The driver of the cab in which Mrs. Lawson and her husband were passengers on the night of Oct. 19, 1941, attempted to pass a car going in the same direction at a street intersection in Louisville. Instead of going to the left at the intersection, as the cab driver had anticipated, the car turned to the right and as the cab was passing on the right side of the car the rear bumper of the cab hung for a moment on the front bumper of the car. Both were traveling at a slow rate of speed, their contact was not violent, and the cars immediately disengaged themselves without damage to either vehicle, and each proceeded on its way without the accident being reported to the police. There was a slight jar from the momentary hanging of the bumpers of the vehicles, and the two passengers on the back seat of the cab did not alight or claim at the time to be injured. The driver testified when Mrs. Lawson entered his cab she remarked that she had been ill and he helped her in the cab, which she denied.

Mrs. Lawson testified that the impact threw her against the side of the cab and her husband fell against her, causing an injury to her left sacro-iliac joint and to

the left sciatic nerve. That after arriving home that night her husband had to help her from the cab and seated her in a chair. She was unable to lie in bed and had to remain in this chair until the latter part of December, a period of about two months, and that her suffering was intense. She testified that before the accident she had not had any illness except a cold or a headache and that she had worked in a laundry. She denied telling Sitgraves, one of the appellees, the night of the accident that she was not injured, but admitted she did not answer the cab driver when he asked her immediately following the accident if she were hurt.

The physician she called in, Dr. W. Stewart Carter, treated her until Dec. 27, 1941, making 23 visits and his bill was $77. He testified there was an injury to the sacro-iliac joint and possibly to the sciatic nerve. He further testified that Mrs. Lawson was in severe pain and he thought the accident caused her trouble.

Dr. T. L. Nichols, the family physician of Mrs. Lawson, testified that in February and July of 1941 he had treated her for gastritis, and in August of that year she suffered quite a bit from an infection of an ovary which possibly involved the fallopian tubes, for which he administered sedatives and applied ''x-ray lights''.

Dr. Heman Humphrey, who examined Mrs. Lawson on April 9, 1943, at the request of defendant, found her free of pain. He testified that the two main causes of sciatica are toxic poison, such as an infection anywhere in the body, and injury; that the infected ovaries and tubes could have caused the trouble of which Mrs. Lawson complained.

Civil Code of Practice, sec. 340, subsec. 4, provides a new trial may be granted for inadequate damages. In Wilkins v. Hopkins, 278 Ky. 280, 128 S. W. 2d 772, we said a verdict will not be disturbed for inadequacy of damages unless it is so small and disproportionate as to strike the mind at first blush as being the result of passion, prejudice or mistake. Appellant cites many cases from foreign jurisdictions sustaining substantial verdicts as not being excessive where the injury was to the sacro-iliac joint. However, the opinion in Wilkins v. Hopkins points out that a verdict which has been held not to be excessive is not the correct criterion for the determination of inadequate damages, and that a

comparison of the damages awarded in similar cases cannot establish a rule to be followed in personal injury cases, and that each case must be determined by the facts and circumstances peculiar to it.

Much reliance is placed by appellant in the text of 15 Am. Jur. sec. 80, p. 488, and in the case of L. & N. R. Co. v. Daugherty, 108 S. W. 336, 32 Ky. Law Rep. 1392, 15 L. R. A., N. S., 740, and the foreign case of Mourison v. Hansen, 128 Conn. 62, 20 A. 2d 84, 136 A. L. R. 413, all to the effect that one cannot escape the consequences of his negligent act by reason of the fact that the injuries sustained may have aggravated a pre-existing condition, but is liable for all the injuries sustained which are directly traceable to his negligence and are the proximate result thereof.

In this instance the jury were evidently of the opinion that but little of Mrs. Lawson's suffering was directly traceable to the slight jar she experienced when the cars collided. They first returned a verdict for $77, the amount of her doctor's bill. The court sent them back with the admonition that if they found for plaintiff they could not award her the amount of her special damages only, but must award her some amount in compensation for the suffering she endured. The jury then added $120 to the verdict to compensate Mrs. Lawson for her suffering, making the total verdict $197. The jury must have largely rejected appellant's evidence that her suffering was the result of the accident, and it is obvious that they accepted the evidence of appellees that the collision was so slight as to have but little effect upon her previous condition. This the jury had the authority to do.

In the face of the facts and circumstances presented by this record we think the jury were liberal with Mrs. Lawson, as their verdict must have been based upon sympathy they had for this unfortunate woman rather than upon the evidence. Certainly, it was not the result of passion or prejudice, and when the slightness of the jar experienced by Mrs. Lawson is considered in connection with her previous condition as given by her family physician, Dr. Nichols, it is apparent that the damages awarded are not inadequate, since but little of her pain and suffering are directly traceable to the little jolt she received from the collision.

The judgment is affirmed.