## Smith v. Bailey (two cases).

October 7, 1949.

Astor Hogg and James Sampson for appellants.

E. L. Morgan and Alva Hollon for appellee.

CLAY, COMMISSIONER—Affirming.

Two suits consolidated for trial were brought by appellants to recover personal injury and property damages suffered as the result of a collision between a truck in which they were riding and a taxicab owned by appellee. The jury returned a verdict for appellant, Laura Smith, in the sum of $200. It refused to award appel-

lant, Walter Smith, any damages. On this appeal the former contends the damages allowed her were inadequate, and the latter complains of an instruction to the jury.

The truck, operated by Mr. Smith (in which Mrs. Smith was a passenger) and the taxicab operated by appellee's agent were proceeding in opposite directions on a highway near Whitesburg. Appellants' theory of the accident was that the taxicab driver attempted to pass another truck, came over to the wrong side of the road and struck appellants' vehicle. Evidence for appellee tended to prove appellants' truck was zigzagging down the highway and collided with the taxicab while it was on its right side of the road. Neither party contends the proof was insufficient to support the verdict finding the operators of both vehicles negligent.

Mrs. Smith testified concerning injuries to her head and knee. No bones were broken, but she suffered several bruises of more or less severity. Medical attention and treatment were required. Hospital and medical expenses were estimated at about $135. New glasses cost "around" $30. Damage to an allegedly expensive fur coat and watch were claimed to be $65. On the basis of these figures, the award of $200 was less than the special damages, with nothing allowed for pain and suffering. However, the testimony of Mrs. Smith and her husband was somewhat in conflict on certain items of damage, and there were circumstances shown in the case which could reasonably influence the jury to allow a lesser amount than claimed for the repair costs of the coat and watch.

Certainly the allowance of $200 was not a liberal award by the jury. Under Section 340, sub-section 4 of our Civil Code of Practice, as construed by this Court, where damages are complained of as inadequate, the verdict should not be disturbed: "unless the award is so small and disproportionate as to strike the mind at first blush as necessarily resulting from passion, prejudice, corruption or mistake." Wilkins v. Hopkins, 278 Ky. 280, 285, 128 S. W. 2d 772, 774.

While Mrs. Smith's injuries may have justified the allowance of a greater amount, the verdict does not shock us with an impression of inadequacy necessarily result-

ing from an improper jury reaction. The granting of a new trial on the ground asserted is a matter for the exercise of judicial discretion by the trial Judge, and the power to overturn the jury verdict for this reason should be exercised by us with great caution and only in exceptional cases. This is not one of them.

Mr. Smith's sole ground for reversal is that Instruction No. 1 given by the Court was erroneous and prejudicial. In that instruction the Court detailed the duties of the operators of both vehicles involved. It conforms closely to the standards of conduct set forth in our motor vehicle statutes. KRS 186.010 et seq. Mr. Smith argues the instruction should not have required him to have his truck "under reasonable control" when "approaching a curve or an obstruction to the view which prevents a clear view for a distance ahead of at least 150 feet." It is insisted the highway was straight at the point of collision, and there was no reason for the Court to make reference to a curve or an obstruction. This instruction also required the drivers to give warning of their approach by use of a horn or other device, which Mr. Smith insists was not necessary in view of the situation shown.

Considering the conflicting testimony about the physical facts, the presence of another truck ahead of the taxi, and the manner of the collision, we do not think the Court was in error in detailing all of the duties of the drivers which might be applicable under the circumstances. Even if there was error in this instruction, it could not possibly have misled the jury concerning the rights and duties of each party, and therefore was not prejudicial.

The judgments are affirmed.