## Blincoe v. Drury.

December 2, 1949.

614

Julius Leibson and Lawrence S. Grauman for appellant.

J. Walter Clements for appellee.

JUDGE CAMMACK—Affirming.

Robert Louis Blincoe was six years of age when he was injured by a car driven by the appellee, Thomas H. Drury. Through his father and next friend the child is appealing from a $500 judgment on the ground that it is grossly inadequate. The appellee has cross appealed on the ground that he was entitled to a directed verdict because there was no showing of actionable negligence on his part.

We will dispose of the cross appeal first. The accident occurred at the intersection of Jackson and Breckinridge Streets, in Louisville. According to the appellant's evidence, the injured child and his 10 year old brother started across Breckinridge Street in the crosswalk from the southeast corner of that street with Jackson. According to the older brother, a woman who was standing on the corner told them that it was all right for them to cross. The older brother proceeded to cross

the street first, holding out his hand for the injured child who did not take it. When the older boy reached the northeast corner he turned to see what had become of his younger brother and then saw a car bearing down on him from the west on Breckinridge. The car struck the child in the crosswalk near the center of the street. A traffic officer who arrived on the scene shortly after the accident said the rear wheels of the appellee's car, which had not been moved since the time of the accident, were within the crosswalk. The basis of the charge of negligence on the part of the appellee is that the accident would not have occurred had he been keeping a proper lookout and had his car under proper control. The proof for the appellee showed that as he approached the intersection he was traveling in the line of traffic, which was going between 15 and 20 miles an hour. There were cars approaching from the opposite direction; he was keeping a proper lookout not only for pedestrians, but also for motorists using the streets; when he was about three-fourths of the way across Jackson he saw two boys dart from behind a truck which was parked on the north side of Breckinridge flush with the east line of the crosswalk; the larger boy reached the center of the street first; immediately upon seeing the child he applied his brakes, but he was then only about 30 or 40 feet from the child who was struck; and he stopped his car within a foot or so after he hit the child. There was testimony supporting that of the appellee as to his version of the manner in which the accident happened.

From our view of the evidence we would not be warranted in holding that a verdict should have been given in favor of the appellee. We think the case was properly submitted to the jury.

Subsection 4 of section 340, of the Civil Code of Practice, authorizes a new trial where excessive or inadequate damages have been awarded which appear to have been given under the influence of passion or prejudice, or in disregard of the evidence or the instructions of the court. The case of Wilkins v. Hopkins, 278 Ky. 280, 128 S. W. 2d 772, was the first one brought before this Court under the amendment to section 340 of the Civil Code which authorized a new trial on the ground of inadequate damages.

In that case it was pointed out that a verdict awarding damages which were deemed to be inadequate should not be disturbed unless the award is so small and disproportionate as to strike the mind at first blush as necessarily resulting from passion, prejudice, corruption or mistake. The Hopkins Case was followed in the case of Lawson v. Sitgraves, 299 Ky. 545, 186 S. W. 2d 182.

The $500 award made in favor of the appellant is a small one, especially in view of the fact that medical expenses amounting to approximately $200 were shown.

To meet the rule laid down in the Hopkins Case we must review briefly the evidence as to the extent of the child's injuries. The proof for the appellant shows that he suffered a fracture of the right femur which caused a one-half inch shortening in the right leg and a tilted pelvis and curvature of the spine; he also suffered a severe head injury which caused him to have recurring headaches. His pain and suffering were great and he was prevented from attending school as a result of the injury and was permanently disabled. On the other hand, the proof for the appellee showed there was no malformation resulting from the fracture of the femur, and any malformation which did exist was probably the result of a prior case of rickets. Under the circumstances we are not prepared to say that the award is so grossly inadequate as to shock the conscience at first blush as being the result of passion, prejudice, corruption or mistake.

Judgment affirmed on both the appeal and the cross appeal.