## KELLER et al. v. MOREHEAD.

Court of Appeals of Kentucky.
March 14, 1952.

David R. Castleman, Louisville, for appellants.

Curtis & Curtis and Luther M. Roberts, all of Louisville, for appellee.

COMBS, Justice.

Laura Pryor Keller, injured in a motor vehicle accident, and her husband, Edwin Keller, Jr., whose automobile was damaged in the same accident, filed separate suits for damages against the appellee, John C. Morehead. The cases were tried together, the jury returning a verdict for Mrs. Keller in the aggregate amount of $6132.95 for personal injuries and medical expenses, and a verdict for Edwin Keller, Jr., in the amount of $800 for damages to his automobile. From judgments entered on the verdicts both parties appeal and both appeals will be considered in this opinion.

The accident occurred in the late afternoon of December 13, 1949 on Highway 22, known as the Brownsboro Road, in Jefferson County. Mrs. Keller, driving her husband's automobile, was traveling east. Her mother and a lady by the name of Mrs. Hill were in the car with her. Appellee's

vehicle, a tractor with attached trailer, was traveling west. The tractor was a 1½ ton International and the trailer was of the type referred to in the trucking industry as a "low boy." It was approximately 14 feet long, and by actual measurement 117 inches wide. The front of the trailer was attached to the tractor and the rear was supported by a set of dual wheels. The exact height of the trailer is not shown but, as indicated by the name, it was built close to the ground. The highway at the point where the accident occurred is 18 feet wide with a "black top" surface. To one traveling west there is a slight curve to the right. As the two vehicles were in the act of passing, the left side, or the left rear wheel of the trailer, collided with the left front of the automobile driven by Mrs. Keller. The force of the collision caused her to lose control of her vehicle and the car came to rest in a ditch on the left-hand side of the road, a short distance beyond the point of collision. The driver of the tractor-trailer stopped his vehicle within a short distance, the exact distance not being shown. The exact time of the accident was in issue as bearing on the question whether the tractor-trailer was properly lighted. We conclude from the testimony that the accident occurred between 4:25 and 4:45 p. m.

Appellants contend that the trial court erred in refusing to give an instruction on punitive damages, also that the damages awarded by the jury are inadequate.

There is no contention that appellee's vehicle was traveling at an excessive rate of speed, and there is no testimony that the tractor was not on its right side of the road. Due to the unusual width of the trailer, it is possible, of course, that it extended beyond the center line even though the tractor was on its side of the road.

Appellants base their cases mainly on appellee's violation of two statutes: one relating to the width of trailers, the other to the lighting of such equipment. KRS 189.180(2) reads: "No person shall operate on a highway any motor truck or semi-trailer truck whose width, including any part of body or load, exceeds ninety-six inches."

As previously stated, the width of appellee's trailer was 117 inches, or 21 inches in excess of the statutory limit.

KRS 189.030(1) provides: "Lights, when required on a vehicle shall be illuminated during the period from one-half hour after sunset to one-half hour before sunrise, and at such other times as atmospheric conditions render visibility as low as or lower than is ordinarily the case during that period. * * *"

KRS 180.050(4), so far as is here pertinent, provides: "No person shall operate on any highway a motor truck or semi-trailer truck having a width of any part in excess of eighty-four inches, unless it carries at least two clearance lights to indicate the outside left limit of the motor truck or semi-trailer truck, * * *."

Appellants introduced a report of the United States Department of Commerce Weather Bureau which shows that the sun set at 4:23 p. m. on the day of the accident. Appellee's driver admits the headlights on the tractor were not burning at the time of the accident, his explanation being that it was a clear day and not dark enough to require lights. The trailer was not equipped for lights and, of course, had none burning at the time of the accident. Witnesses for appellants testified that visibility was very poor; that it was a cloudy, overcast day; that the lights were burning on the Keller automobile and on all other vehicles observed by them on the highway at that time.

In view of the conflicting testimony as to the time of the accident and the atmospheric conditions then existing, the court properly submitted to the jury the question whether appellee's driver was negligent in not having lights burning on his vehicle.

It is the general rule that in order to warrant an instruction on punitive damages the negligence must be of such degree as manifests a wanton disregard of the lives or safety of others, or is wilful or malicious. Searcy v. Golden, 172 Ky. 42,

188 S.W. 1098; South Covington & Cincinnati Street Railway Co. v. Barr, 147 Ky. 549, 144 S.W. 755; Louisville & N. R. Co. v. George, 279 Ky. 24, 129 S.W.2d 986.

The evidence in this case did not warrant an instruction on punitive damages, and the instruction was properly refused. Although appellee admittedly was violating a statute in regard to the width of the trailer, it is noted that KRS 189.270(1) authorizes the Commissioner of Motor Transportation to issue permits for the operation of tractors and semi-trailers "whose gross weight including load, height, width or length exceeds the limits prescribed by KRS 189.180, 189.220." The fact that appellee had not obtained a special permit to operate his trailer does not evince such a wanton disregard for the lives or safety of others as to warrant the infliction of punitive damages. Appellants also point out that appellee's trailer was not equipped with brakes as required by KRS 189.090(4), but it is apparent that the absence of brakes on the trailer had no causal connection with the accident.

Appellants strenuously insist that the damages are inadequate. Section 340, Civil Code of Practice, authorizes a new trial on the application of the party aggrieved in case of "excessive or inadequate damages, appearing to have been given, under the influence of passion or prejudice or in disregard of the evidence or the instructions of the court."

It is undisputed that Mrs. Keller's injuries are both serious and permanent. Dr. Leatherman, an orthopedic surgeon, testified that she sustained "a severe injury to her left ankle joint, it was a fracture dislocation, with three major fragments of bone, the inside ankle bone, the outside ankle bone, and a large fragment of bone from the front portion of the tibia, which is the main leg bone." The doctor also testified that he had performed three operations on Mrs. Keller's ankle, and that it was still too early to determine the extent of her permanent disability. He testified she would always have some pain from the injury unless the ankle was completely immobilized by another operation.

The jury awarded Mrs. Keller $5000 for her injuries, and $1132.95 for medical expenses. The question is whether this sum is so inadequate as to justify granting a new trial. The matter of inadequacy of damages has been before this Court many times since 1936 when section 340 of the Civil Code of Practice was amended so as to make this a ground for a new trial. The case of Wilkins v. Hopkins, 278 Ky. 280, 128 S.W.2d 772, 774, appears to have been the first one after the amendment. After discussing the question, it was said: "As indicated this Court has always been reluctant to set aside a jury verdict for damages and direct a new trial unless the amount of the award is so disproportionate as to strike the mind at first blush as necessarily resulting from passion, prejudice, corruption or mistake in the application of the law."

The rule has been followed consistently since that time. Lawson v. Sitgraves, 299 Ky. 545, 186 S.W.2d 182; Smith v. Bailey, 311 Ky. 118, 223 S.W.2d 582; Blincoe v. Drury, 311 Ky. 613, 224 S.W.2d 936, 16 A. L.R.2d 390. Although the jury in this case would have been justified in awarding Mrs. Keller a larger sum, it cannot be said that the verdict strikes the mind as necessarily resulting from passion, prejudice or mistake.

The only evidence on the question of damages to the automobile was that of Allen J. Evans. He testified the fair market value of the car immediately before the accident was $1500, and the value afterwards was $450. Appellant Edwin Keller contends that since this evidence was uncontradicted, the verdict of the jury in the amount of $800, representing damages to the automobile, is inadequate and flagrantly against the evidence. Honorable Lawrence S. Grauman, the trial judge, carefully considered this question in an opinion overruling the motion and grounds for a new trial, and the following excerpts are from his opinion:

"There seems to be a basis for a distinction, as regards the binding or conclusive effect of uncontradicted testimony, between opinion evidence and testimony as to 'facts.'

Opinion testimony, even though uncontradicted, seems not to be binding upon the jury. See, 20 Am.Jur., Evidence, Section 1208 and cases cited therein, especially the last sentence of the second paragraph of that section, where it is said:

" 'Opinion testimony as to value is not conclusive; when uncontradicted, it may be regarded as sufficient proof, but even in such case the jury may exercise their independent judgment.' "

"In the case of The Conqueror, 166 U.S. 110, 17 S.Ct. 510, 41 L.Ed. 937:

" 'Testimony as to value may be properly received from the mouths of witnesses who are duly qualified to testify in relation to the subject of inquiry, although the jury, even if such testimony be uncontradicted, may exercise their independent judgment.' "

"As the testimony of the witness Evans as to the amount of damage to the automobile, it was not conclusive in determining the amount of damage caused to Mr. Keller's automobile, the jury had a right to fix the amount of damage at less than $1050.00, the amount testified to by Mr. Evans."

We agree with the foregoing statement of the law.

The judgments are affirmed.