## RHODES v. YOUNG.

Court of Appeals of Kentucky.
April 25, 1952.

Anderson & McAlpin, Louisville, for appellant.

Joseph E. Stopher, Davis, Boehl, Viser & Marcus, Louisville, for appellee.

LATIMER, Justice.

Appellant, Charles H. Rhodes, obtained judgment against appellee, Kenneth J. Young in the amount of $500 for alleged personal injuries. He is here urging reversal on the grounds of inadequacy of the verdict and erroneous instructions.

Appellant maintains that he proved as special damages $500 for loss of time, $201 for medical bills, $30 for a brace and $20 for medicine, a total of $751; that in addition thereto he should have been awarded something for pain and suffering even though a nominal amount; and that the jury without regard to his proven special damages returned a verdict of only $500, the exact amount that was proven for loss of time. It is insisted that this is so flagrantly against the evidence as to indicate the verdict was returned under the influence of passion and prejudice and in disregard of the evidence and the instructions.

Aside from the $500 claimed to have been established as special damages for loss of time, the proven special damages for medical expenses and brace was $251 which leaves a balance of $249 to be applied toward loss of time and for pain and suffering. We are in entire agreement with the cases cited by both appellant and appellee with respect to reversals where no award is made for pain and suffering over and above the proven special damages or where the verdict is so inadequate as to indicate passion and prejudice and in disregard of the evidence and instructions.

As we read this record, we are impressed with the fact that the claim for loss of time is more or less speculative. There is no way of ascertaining other than that the jury may have allowed the $251 as special damages plus some amount for alleged loss of time and something for pain and suffering. The mere fact that the judgment was for $500 is not conclusive. The trial court instructed the jury that it could find in an amount not exceeding $500. The fact that the jury returned verdict in that amount is doubtlessly coincidental. Generally, courts will not disturb a verdict merely because the reviewing court would have given more. 15 Am.Jur., Damages, Section 231. We have numerous cases dealing with this identical question. See Lawson v. Sitgraves, 299 Ky. 545, 186 S.W. 2d 182; Foster v. Dukes, 301 Ky. 752, 193 S.W.2d 159; Blincoe v. Drury, 311 Ky. 613, 224 S.W.2d 936, 16 A.L.R. 390; Smith v. Bailey, 311 Ky. 118, 223 S.W.2d 582.

The second objection goes to the instructions. In instructing the jury on

the special damages, the court itemized the elements thereof but for some reason omitted medical expenses in the amount of $40. The total of proven medical expenses, including the omitted $40, amounted to $251, but under the instructions amounted to $211. The fact remains that the jury found an amount sufficient to compensate for medical expense, including the $40, and in addition thereto allowed $249 which under unseparated verdict may have been partly for loss of time and partly for pain and suffering or, barely possible, entirely for pain and suffering. We cannot say, under the facts of this case, that there is sufficient inadequacy of judgment nor such error in instructions as to be prejudicially erroneous.

The judgment is affirmed.