Mae AKER, Appellant,

v.

John Ellis SMITH et al., Appellees.

Court of Appeals of Kentucky.

March 16, 1956.

Rehearing Denied June 8, 1956.

Joe Hobson, Prestonsburg, for appellant.

W. W. Burchett, Prestonsburg, L. D. May, Pikeville, for appellees.

WADDILL, Commissioner.

The jury awarded Mrs. Mae Aker damages in the sum of $1,000 in her suit against appellees. From a judgment accordingly entered she has prosecuted this appeal, urging a reversal because: (1) The damages allowed were inadequate; (2) incompetent evidence was introduced over her objections; and (3) erroneous and prejudicial instructions were given the jury.

Appellant was injured when the vehicle in which she was riding as a passenger came into collision with a car owned and operated by the appellees. She brought this action against appellees seeking damages in the sum of $25,010, which were itemized in the complaint as follows: $1,010 for hospital and medical expenses; $4,000 for loss of earnings; $20,000 for pain and for permanent impairment of her power to earn money.

Appellant insists that the trial court erred in denying her a new trial because the verdict is so small that it plainly indicates passion and prejudice on the part of the jury. CR 59.01, subd. 4 (formerly Civil Code, Section 340(4)). She contends that the evidence established conclusively that she is permanently disabled from arthritis caused by an injury she suffered in the accident. However, under the evidence the jury was clearly authorized to reject her evidence as to the cause of her disabled condition. While the medical testimony does establish that appellant is suffering from arthritis, such testimony also indicates rather clearly that appellant's arthritic condition was not traumatic in origin.

Dr. W. B. MacCracken, a specialist in orthopedic surgery, who had examined appellant at her request, testified that in his opinion appellant's arthritic condition was not traumatic, but had existed in her body prior to injuries she sustained in the automobile accident. Dr. MacCracken also stated that appellant's claim of pain in her spine and lower extremities was purely subjective and that his examination of her revealed no objective evidence to sustain or refute her complaints.

The evidence concerning special damages was also unsatisfactory. Appellant testified that she was employed by her son, Dr. Charles Aker, at a salary of $800 a month, as an assistant supervisor at the Stumbo Memorial Hospital, which Dr. Aker operates. While she claims that her injuries required her to be confined in her son's hospital for a period of "about a month" and that she was unable to work for "about five months," she admitted that she had stayed in an apartment in her son's hospital during her period of convalescence, and that she had driven her car to Florida "about a month" after the accident occurred. When appellant was interrogated concerning the amount of expenses she had incurred as a result of the accident, she stated that her medical bills amounted to "around one thousand dollars." When she was asked to name the doctor to whom she had paid the thousand dollars, she replied that she had "not paid anyone yet," but that she was indebted to her son and she "imagined" she owed Dr. A. S. Jones one hundred and fifty dollars. The only other item of expense she specifically mentioned was a bill of eight dollars for repair of her glasses.

While the jury's award of $1,000 was not a liberal one, the verdict does not shock us with an impression of inadequacy necessarily resulting from an improper jury reaction. The granting of a new trial on the ground asserted is a matter for the exercise of judicial discretion by the trial court, and the power to overturn the

verdict for this reason should be exercised by this Court with great caution and only in exceptional cases. The instant case does not come within that particular category. See, Smith v. Bailey, 311 Ky. 118, 223 S. W.2d 582; and, Wilkins v. Hopkins, 278 Ky. 280, 128 S.W.2d 772.

The next asserted error concerns certain testimony given by Dr. C. R. Aker. about appellant's right to file a claim under our Workmen's Compensation Statute. Such testimony was hearsay and irrelevant to the issue being litigated. However, the compensation question was injected into the case by appellant's counsel and the subsequent reference to it by appellee's counsel merely to rebut its effect was not prejudicial under those circumstances.

Appellant further insists that instructions #3 and #4 were prejudicially erroneous. The complaint directed at instruction #3 is that it improperly limited appellant's recovery of damages to less than the amount sought in the complaint. In view of the unsatisfactory evidence as to amount of damages suffered by appellant as a result of the accident, we think the trial court was authorized to limit her recovery to a sum not exceeding $23,800 as was provided in the instruction given.

Instruction #4 reads:

"If you find for the plaintiff any amount in damages for physical and mental suffering, you should not allow her any compensation for any disease or affliction which did not directly result from the injuries she claims to have received in this collision."

Appellant asserts that this instruction was erroneous because "all the evidence shows is that after this accident the appellant developed a severe case of arthritis * * * and there is no proof at all that she had this condition in any degree prior to the accident." Apparently counsel for appellant, in his zeal to protect his client's interests, has overlooked the testimony of Dr. MacCracken which clearly justified the giving of instruction #4. This instruction substantially states the law covering this phase of the case. See, Stanley's Instructions to Juries, Section 323.

Judgment affirmed.