Carrie L. JONES, Appellant,

v.

H. L. MATHIS et al., d/b/a Mago Construction Company, et al., Appellees.

Court of Appeals of Kentucky.

Nov. 6, 1959.

Fred J. Karem, Karem & Karem, Louisville, for appellant.

Peter, Heyburn & Marshall, Gavin H. Cochran, Thomas W. Speckman, Louisville, for appellees.

BIRD, Judge.

Carrie L. Jones was awarded $250 in damages for her personal injury. There is sworn testimony to the effect that she was caused to expend the sum of $231.50 for treatment of the injury and there is no sworn testimony in contradiction. The jury did not undertake to separate special and compensatory damages. She complains of the inadequacy of the award and appeals on that ground.

She contends that, if the jury found for her under the court's instruction, they were compelled to award the full sum of $231.50 for her medical treatment, leaving the wholly inadequate sum of $18.50 for compensatory damages. Her contention is predicated in part upon the erroneous assumption that the testimony concerning her medical expenditure is uncontradicted. It is true that no witness was introduced to directly dispute the expenditure but such testimony is not necessary to provide the contradiction.

"A jury does not have to accept as the absolute truth that which has been testified to by a witness if there are circumstances from which a reasonable inference may be drawn, appearing in the evidence, which contradicts the witness." Kroger Grocery & Baking Co. v. Flora, 237 Ky. 191, 35 S.W.2d 275, 277.

"Neither judge nor jury need accept witnesses' literal statements as true if they contain improbabilities, or if reasonable grounds exist for concluding that they are not wholly true." Dyche v. Scoville, 270 Ky. 196, 109 S.W.2d 581, 585; Haffler v. McKinney, 288 Ky. 782, 157 S.W.2d 92.

In Lawson v. Sitgraves, 299 Ky. 545, 186 S.W.2d 182, we have a similar injury which plaintiff testified was the result of a collision between a cab and another car. There we hold that the jury did not have to believe her statement because of the slight impact shown by the record.

In the light of these authorities let us examine the medical expenditure of $231.50.

Appellant claims to have been injured in a collision between her automobile and appellees' truck. Her physician says she, as a result of the accident, had a marked separation of the left sacroiliac joint re-

sulting in a permanent traumatic arthritic condition.

There is testimony to the effect that the truck had been "stopped dead" and was pulling out at a speed of two or three miles per hour at the time of impact which is described as "very slight." The bumper on Mrs. Jones' car was bent and a little reflector was broken. There was no damage whatever to the truck. The appellees' driver testified that Mrs. Jones told him she was not hurt. Appellant admits that she drove ten or eleven miles to her home immediately after the accident. The testimony shows that she called her lawyer before she called a doctor's office nurse and that she did not actually see a doctor until two weeks later. Ten weeks after the accident she was examined by a physician who testified that there was no evidence of injury to the sacroiliac joint or traumatic arthritis. He found nothing attributable to trauma. It is therefore obvious that the jury could have concluded that the medical expenditure was unnecessary or unreasonable. It could have likewise concluded that it had no connection whatever with the injury. It was within the province of the jury to determine whether the medical expenditure or any part of it was necessary and reasonable, and also whether it was injury-connected. This determination could have been made upon any part of the record bearing directly or indirectly on the question.

The verdict of $250 was for more than the medical expenditure but we cannot say what part, if any, was for medical expense or what part was for compensatory damages. We have only one question to answer. Was the award adequate regardless of the manner in which the jury may have apportioned it? We are of the opinion that the record, as heretofore pointed out, warrants the jury's conclusion of slight injury and little damage.

The judgment is affirmed.