**Wanda HAYES, Appellant,**

**v.**

**Robert J. HAYES, Appellee.**

Court of Appeals of Kentucky.

June 1, 1962.

John L. Harbolt, Louisville, for appellant.

J. Walter Clements, Louisville, for appellee.

STANLEY, Commissioner.

The appellant, Mrs. Wanda Hayes, was a passenger in an automobile of her husband, Robert J. Hayes, on July 3, 1959, when it collided with the rear of a taxicab of the Louisville Taxicab and Transfer Company being driven by its employee, Shelby U. Skeans. Mrs. Hayes sued her husband, the taxicab company and Skeans for damages for personal injuries allegedly sustained in the collision. Hayes cross-claimed against his co-defendants for damage to his automobile. They, in turn, cross-claimed against Hayes for damage to the taxicab and personal injuries, respectively.

A summary judgment before trial was entered for the taxicab company and Skeans on appellant's claim against them. There is no appeal from it. Hayes and the company voluntarily dismissed their cross-actions against each other. A trial was had on Mrs. Hayes' suit against Robert Hayes and on Skean's cross-action against him. The instruction on damages to be awarded Mrs. Hayes, if the jury should find for her, was in the conventional form, including the condition "if any" in relation to pain and suffering and special damages. The verdict was:

"Finding Robert Hayes guilty of Item 2. Finding for Mr. Shelby U. Skeans an award of $500.00. Finding for Mrs. Wanda Hayes—ZERO."

"Item 2" referred to is Instruction No. 2, which was that the jury should return a verdict for both plaintiffs against Hayes, if it should find that he was "the sole cause of the collision."

The judgment, consistent with the verdict, recited that "no damages are awarded" Mrs. Hayes, but that she should recover her costs. No appeal has been sought from Skeans' judgment for $500.

The appellant contends that the verdict disregarded the evidence. She relies upon the line of cases which hold that where there is uncontradicted evidence

by a disinterested witness who knows of that which he speaks and the witness is in no way discredited and the story is not improbable, the evidence is conclusive, and the jury may not arbitrarily disregard it. Perfection Hardwood Flooring Co. v. Bowling, Ky., 300 S.W.2d 550; Commonwealth Life Ins. Co. v. Pendleton, 231 Ky. 591, 21 S.W.2d 985, 66 A.L.R. 1526; Bullock v. Gay, 296 Ky. 489, 177 S.W.2d 883; Smith v. Webber, Ky., 282 S.W.2d 346.

Mrs. Hayes testified that at the time of the accident she noticed her left hand was cut, but not seriously, and that her ankle felt as if it was sprained. She so told the police at the scene of the accident and declined their offer to take her to a hospital. On Sunday following the accident, which occurred early Friday night, a "sudden sharp pain struck" her in the back of the neck and head, and she was blinded for about five minutes. About the same time she discovered she had bruises on both knees. On Monday she went to see Dr. Isadore Goldstein. He found, so she testified, her neck, shoulder and a rib were bruised. Mrs. Hayes continued under Dr. Goldstein's treatment daily for three weeks and less frequently thereafter. As her headaches and nervousness continued she was sent by him to an institution where she stayed about a week under the care of Dr. Joseph Goldstein, a psychiatrist, and she returned twice to see him. Her headaches, cut hand and sprained ankle troubled her for two or three months. At the time of the trial she was taking medicine prescribed for headaches and pains. The appellant had incurred doctors' and hospital bills amounting to $712.20 and other special damages.

On cross-examination Mrs. Hayes testified that so far as she knew her knees did not strike any part of the automobile. She admitted that on the following Sunday she had called a lawyer and asked him if he knew a doctor she could go to. The lawyer referred her to Dr. Isadore Goldstein. In a pretrial deposition the plaintiff had stated only that the accident had bruised her side and shoulder, and that she had suffered constant headaches. Further cross-examination developed admissions of but little suffering for a few days following the accident.

Dr. Goldstein testified that the history of the case given him by Mrs. Hayes was that she had been "thrown about" in the automobile accident and suffered injuries and pain, which she then described. He testified that he found her very nervous and that she complained of pain in her neck, legs and arms. Upon a hypothetical question the witness expressed the opinion that the automobile accident, as therein described, could have caused injury to Mrs. Hayes' neck and muscle and produced the continuing nervousness and headaches of which she complained or have "triggered" a pre-existing condition. His "impression" was that she had not suffered a brain concussion. Dr. Goldstein's cross-examination revealed that most of his patient's complaints were of subjective symptoms. It tended to show that his patient's condition of nervousness, tension, etc. had existed before the accident.

Dr. Joseph Goldstein, the psychiatrist, did not testify, and his absence is unexplained. Mrs. Hayes, on cross-examination, was interrogated concerning what appeared to have been statements made to him or in an historical chart of the institution to which she had been sent. She admitted them. These admissions also tended to minimize her claim that her condition resulted from the accident.

On the other side, the defendant introduced Dr. Richard T. Hudson, an orthopedic surgeon, who had examined Mrs. Hayes nine months after the accident, apparently at the defendant's instance. He testified as to the history given by her and to the treatment she had received from the Drs. Goldstein and as to her continuing headaches, which seemed to arise from the base of her neck. Dr. Hudson's X-ray and other examinations revealed no external or objective sign of injury or impairment of

the muscle or in the motion of Mrs. Hudson's head and shoulder. He had told her that he "thought she might have had a strain of the muscles of her neck at the time of the accident." Dr. Hudson had not examined the patient's ankle because she did not mention it.

■ We have examined all the evidence under the rule that the jury may not arbitrarily disregard conclusive evidence, the rule the appellant contends is applicable. We are concerned with the proof tending to establish a causal connection between the accident and the claimed injuries. Of course the plaintiff was not a disinterested witness. Moreover, her testimony as to the development of her superficial injuries sustained by the apparently slight impact of the automobiles is not so impressive or certain that it required the jury to accept it as positive proof of proximate cause or source. Her story afforded a suspicion of exaggeration or coloring of material facts. In weighing evidence, the jury may take into consideration all the surrounding facts and circumstances in the case, including the conduct of the witness and his or her seeming sincerity and honesty or lack of same. Commonwealth Life Ins. Co. v. Pendleton, 281 Ky. 591, 21 S.W.2d 985; Purcell v. Mich. Fire & Marine Ins. Co., 295 Ky. 232, 173 S.W.2d 134. Her testimony was of such a character that it warranted the jury in finding that her claim of suffering substantial injuries in the accident was not well founded. Lawson v. Sitgraves, 299 Ky. 545, 186 S.W.2d 182; Jones v. Mathis, Ky., 329 S.W.2d 55.

■ Dr. Isadore Goldstein's testimony scarcely went beyond the "may have" cause. A possible cause need not be accepted by the jury as the operating or efficient cause. The failure of the plaintiff to call her other physician, Dr. Joseph Goldstein, or to explain his absence as a witness, permitted the jury to draw an inference that his evidence would be unfavorable. Huber & Huber Motor Express v. Martin's Adm'r, 265 Ky. 228, 96 S.W.2d 595; Purcell v. Mich. Fire &

Marine Ins. Co., supra. We cannot say that the evidence for the plaintiff in regard to her disabilities having been caused by the accident was so certain or conclusive that as a matter of law the jury was bound to have accepted it.

■ There is no contradiction in the evidence, either positive or inferable, that the plaintiff did suffer some superficial injury in the accident as the result, as the jury found, of the negligence of her husband, the defendant. The jury should have awarded nominal damages. However, we do not reverse a judgment on a failure of the jury to do so. Bradshaw v. Steiden Stores, Inc., Ky., 265 S.W.2d 64.

The judgment is affirmed.