**Virginia Gregory HARR and Albert Harr, Appellants,**

v.

**BETSY ROSS BAKERIES, INCORPORATED and Raymond H. Martin, Appellees.**

Court of Appeals of Kentucky.

Feb. 17, 1967.

C. B. Creech, P. Joan Skaggs, Ashland, Jack R. Kibbey, Vanceburg, for appellants.

Woodson T. Wood, Fox, Wood & Wood, Maysville, for appellees.

OSBORNE, Judge.

This is an appeal by the plaintiff, Virginia Gregory Harr, from a judgment of the Lewis Circuit Court which awarded her $2500 for loss of earning power and $2500 for pain and suffering, and awarded her husband, Albert Harr, $900 for loss of his automobile and $99.40 for medical bills. Appellant insists the trial court, in denying

her a new trial, erred because the verdict is so small that it indicates passion and prejudice on the part of the jury. We have examined the facts with a great deal of care. We find that at the time of the collision Mrs. Harr was forty-one years of age; that some months prior to the collision she had been found to be suffering from a duodenal ulcer and some seven months before the collision she had undergone a complete hysterectomy; and that she was a type of person who, according to her own doctor, had a personality predisposed to emotional disturbances.

The record discloses that the collision occurred in April of 1963. Appellant received rather severe whiplash injuries. In July of that year, she became emotionally disturbed and had to be hospitalized for treatment. It is her contention that the mental and emotional disturbances for which the major portion of the medical expenses were incurred were the direct result of the collision and that she is entitled to be compensated for them.

Appellant submitted this to the jury in a fair and full trial. They found otherwise and we believe rightfully so. Appellant's own doctor, who qualified as a psychiatrist, when asked to give his opinion as to whether or not her condition was caused by injuries received in the collision answered as follows:

"There could be a casual relationship. It's difficult to say that her condition was caused by an accident. It's been our experience that your conversion reactions are usually following a traumatic experience which can either be a physical or emotional upheaval in a person's life. The only thing we could come up with was, of course, the accident, however, I can't definitely state that it was the accident that caused her illness. There could be a relationship, yes."

In our opinion this evidence is too indefinite and uncertain in its conclusion for us to rule as a matter of law that there was a connection between her disability and the collision. As previously stated, this was fairly submitted to the jury and their verdict was otherwise. We do not believe that the verdict was based upon passion and prejudice. As stated in Aker v. Smith, Ky., 290 S.W.2d 496, "However, under the evidence the jury was clearly authorized to reject her evidence as to the cause of her disabled condition."

 It is well settled that the final determination of these cases is for a jury and that their verdict should not be disturbed unless it is so disproportionate as to strike the mind at first blush as resulting from passion and prejudice. Wilkins v. Hopkins, 278 Ky. 280, 128 S.W.2d 772.

The judgment is affirmed.

All concur.