Thomas O. SPAULDING, Appellant,

v.

L. M. TUCKER, Appellee.

Court of Appeals of Kentucky.

May 26, 1967.

Lawrence C. Jenkins, Lexington, for appellant.

Denney, Landrum, White & Patterson, Lexington, for appellee.

CULLEN, Commissioner.

In Appellant Thomas Spaulding's suit against Appellee L. M. Tucker, seeking damages for personal injuries, the jury found for the defendant and judgment was entered dismissing the claim. Spaulding has appealed.

The injuries for which Spaulding claimed damages consisted of or grew out of an amputation of his right leg. His theory was that the circumstances attendant upon a collision between Tucker's truck and an ambulance in which Spaulding was riding created the necessity for the amputation.

Spaulding suffered from a vascular disease which had required that arteries in both legs be replaced by plastic tubes. Some five months after this operation had been performed on his right leg he experienced a clotting of the vessels of the leg. His family doctor, in Frankfort, deemed his condition to be acute, and summoned an ambulance to take him to Lexington for prompt attention by the surgeon who had performed the previous operations. On the way to Lexington the ambulance, while attempting to pass Tucker's truck, was bumped or scraped in the right side when Tucker veered to his left into it. This caused the driver of the ambulance to swerve across the grass median strip (about six inches high and six feet wide) into the inside lane for opposite traffic. The ambulance continued in this lane for several hundred feet and then returned to its proper side, at a cross-over gap, and was brought to a stop. Tucker also stopped, and there was an exchange of names, addresses, etc. The ambulance driver, the attendant, and Tucker all testified that the ambulance remained at the scene only five or six minutes, and then continued to the Lexington hospital. The records of the two hospitals, as to treatment times, indicate that the total elapsed time between departure of the ambulance from Frankfort and its arrival in Lexington was only 25 minutes. However, Spaulding testified that the ambulance remained at the scene of the collision for 30 or 40 minutes, and his whole case is predicated on the theory that the delay prevented prompt emergency treatment which would had enabled his leg to be saved.

Tucker conceded his negligence so the only question submitted to the jury were whether Spaulding had sustained injuries as a direct and proximate result of the collision. As hereinbefore stated, the jury found for the defendant.

Spaulding's first contention on this appeal is that the evidence was conclusive that he at least had incurred pain and suffering during the course of the collision and that the court should have directed that the jury award recovery for this. His claim is that he was bound to have suffered pain as the ambulance went over the median strip, and mental anguish from the frightening experience of the accident.

Spaulding was lying on a cot in the back of the ambulance. The attendant testified that he was seated next to the cot with his arm stretched across Spaulding's body; that there was only a minor jolt as the ambulance went over the median strip and that Spaulding was not thrown against the side of the ambulance. There was testimony for the defendant that Spaulding made no complaint of pain or fright at the scene of the accident. Spaulding himself testified that he did not "discover" his pain and suffering until he "came to" in the Lexington hospital.

█ It is our opinion that the evidence was not conclusive that Spaulding incurred any pain and suffering during the course of the collision other than a mere trifle; not substantial enough to warrant a reviewing court's attention. Cf. Hayes v. Hayes, Ky., 357 S.W.2d 863.

█ Spaulding's second contention is that he was entitled to an instruction to the

effect that if the delay incident to the collision "played any part" in the amputation, Tucker was liable for *all* the damages attributable to the amputation. The instructions given by the court directed the jury to *apportion* the damages if they believed that a preexisting condition was aggravated or extended by the collision. Under the evidence in this case we think the instructions given were proper. Construed in its most favorable light, the medical testimony for Spaulding went no farther than to say that a period of delay such as was testified to by Spaulding would be one of a "combination of factors" that caused the loss of the leg. The testimony was equivocal, consisting of statements such as that the delay "didn't do him any good," and "would make a bad situation worse"; and that any factor which would deprive the leg of blood "over a longer and longer period of time" would be one of the combination of factors causing loss of the leg. The import of the medical testimony is that the primary concern in sending Spaulding by emergency vehicle to the Lexington hospital was to save his *life,* with some thought that his leg might also be saved; and that loss of the leg was recognized as a danger from the outset.

This is not a case in which a dormant diseased condition was aroused to disabling reality by an accident. Spaulding's condition was acute to begin with and at the most the delay incident to the accident was a final straw.

That apportionment is the proper rule under circumstances such as here presented is established by such decisions as Louisville & Nashville Railroad Co. v. Mattingly, Ky., 318 S.W.2d 844, 845; and Louisville Taxicab & Transfer Co. v. Hill, 304 Ky. 565, 201 S.W.2d 731. The rule is well stated in 22 Am.Jur., 2d, Damages, sec. 122, p. 174, as follows:

"* * * Of course, where the disease is more than a mere latent tendency, the defendant can be held liable only to the extent that his negligence proximately and naturally aggravated the disease; the recovery includes no damages for injuries which result from the original condition, but is confined to those which are due to its enhancement or aggravation."

■■ A third contention of Spaulding's is that the instructions were erroneous in stating that Tucker was not chargeable with any injuries that were caused by delay of the ambulance at the scene of the collision for a longer period of time than was reasonably necessitated by the collision. Spaulding's counsel admits the applicable rule to be that the original negligent actor is responsible for subsequent negligent acts of another person only if the subsequent acts might reasonably have been foreseen. See Roberts v. Taylor, Ky., 339 S.W.2d 653. However he argues that the issue of foreseeability should have been submitted to the jury. We think that a person should not reasonably be expected to foresee *unreasonable* acts of another as distinguished from careless or negligent acts. The instruction here involved relieved Tucker only of the consequences of *unreasonable* acts by the ambulance personnel. We think that the instruction was not prejudicially erroneous.

■ A final contention relates to the claimed error of the trial court in striking an amended complaint, and quashing the process thereon, by which Spaulding had endeavored to assert a claim against the owner and the driver of the ambulance. The claim of error cannot be considered because the owner and the driver of the ambulance have not been made parties to this appeal.

The judgment is affirmed.

All concur.