**Warren Phillip THOMPSON, Appellant,**

v.

**Stephen SPEARS, Appellee.**

Court of Appeals of Kentucky.

Sept. 25, 1970.

Stanley R. Hogg, Creech & Hogg, Ashland, for appellant.

Robert P. Woods, John M. Williams, Gray, Woods & Cooper, Ashland, for appellee.

1

CLAY, Commissioner.

In this automobile accident case plaintiff appellant sustained spinal injuries when his car was struck from behind by one operated by defendant appellee. A jury awarded him $2,029.20. The principal question on this appeal is whether the damages were inadequate.

The accident happened August 7, 1967. Plaintiff was hospitalized for five days, his condition being diagnosed as subluxation of two cervical vertebrae. He was released for return to work by his attending physician on December 4. A reputable neurosurgeon was of the opinion he suffered a permanent impairment of 10 percent to the body as a whole which might increase in the future to 25 percent.

Plaintiff was employed by the Armco Steel Corporation and earned wages of $110 per week. His lost wages from the time of the accident until he returned to work were in the neighborhood of $2,000. The jury awarded him $700 for pain and suffering, his medical expenses of $329.20 and $1,000 for lost wages. Nothing was allowed for permanent impairment of power to earn money. If we accept plaintiff's testimony concerning his inability to work, confirmed substantially by the opinions of two doctors, the award for lost wages would appear inadequate. However, other evidence raised an issue concerning plaintiff's inability to work.

■ It is defendant's position the jury was not required to believe that plaintiff was disabled from work to the extent he claimed. There was medical testimony, other than that above referred to, which differed from that of the plaintiff's doctors concerning the nature of the injury and which tended to minimize the extent of plaintiff's disability. It was shown that during the four-month period for which plaintiff claimed loss of earnings he regularly attended and participated in the monthly two-day National Guard programs and drills. In addition, approximately two months after the accident he was able to drive his automobile without apparent difficulty. In view of this evidence we think it clear the jury had a right to determine whether plaintiff reasonably could have returned to work before he did.

■ The jury was not bound to accept as the absolute truth the testimony of the plaintiff or his doctors. Jones v. Mathis, Ky., 329 S.W.2d 55 (1959). Taking the verdict as a whole, it does not strike us as contrary to the evidence nor does it indicate that the amount awarded for lost wages was the result of passion or prejudice. See Harr v. Betsy Ross Bakeries, Incorporated, Ky., 411 S.W.2d 681 (1967). We do not find the damages awarded so inadequate as to justify reversal.

■ Plaintiff also contends the trial judge made a prejudicial remark during the voir dire examination. Plaintiff's counsel had asked a prospective juror if he would be willing to find for the plaintiff damages for a "second injury" if it was the proximate result of the original injury. The court then remarked this question was "misleading", and in substance observed that the jury was trying the first injury and its results rather than two separate injuries. We entertain some doubt about the propriety of counsel's question, even if it correctly stated the issue, but in any event we do not find that the court's remark could have had any prejudicial effect on the plaintiff's cause.

The judgment is affirmed.

All concur.